[Crim. No. 8030. Fourth Dist., Div. One. Oct. 10, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
MELVIN LEWIS GEE, Defendant and Appellant.

**COUNSEL**

Kenyon C. Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield, Yvonne H. Behart and Conrad D. Petermann, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**AULT, J.**—A jury found Melvin Lewis Gee guilty of possessing marijuana (Health & Saf. Code, § 11357), possessing controlled substances (Health & Saf. Code, § 11377), and possessing a sawed-off shotgun (Pen. Code, § 12020). He was granted probation for three years, conditioned upon serving one year in the custody of the sheriff.

On appeal Gee contends his convictions should be reversed because the magistrate at the preliminary hearing erroneously overruled his objection to the admission of evidence found in his bedroom at the time of his arrest. We conclude that Gee may not raise this issue on appeal, and affirm the judgment.

## DISCUSSION

At the preliminary hearing Gee's attorney objected to the introduction into evidence of the contraband and gun found in his bedroom on the ground the items had been illegally seized. The objection was overruled, the contraband and gun were received in evidence, and Gee was held to answer in the superior court.

Relying on *People* v. *Triggs,* 8 Cal.3d 884 [106 Cal.Rptr. 408, 506 P.2d 232], Gee maintains his objection at the preliminary hearing preserved the search and seizure issue and that this court must weigh and consider the propriety of the magistrate's evidentiary ruling. Under the circumstances here, we conclude the case relied upon is not applicable and that the search and seizure issue has been waived.

Gee made no motion to suppress evidence under Penal Code section 1538.5 in either the municipal or the superior court. He did not move to quash the information under Penal Code section 995. At his superior court trial, his attorney not only refrained from objecting to the admission of the contraband and gun, but affirmatively stated that he had "no objection" to their being received in evidence.[1] It is apparent the superior court was never made aware that Gee claimed the evidence was illegally seized. The preliminary hearing transcript, upon which Gee now relies, was never presented to that court for its ruling.

Penal Code section 1538.5, subdivision (m), reads: "The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered

---

[1]At the trial Gee testified the arresting officer had brought the contraband and the gun into his apartment in a large grocery bag and in effect had "planted" them in the bedroom. Thus Gee's version of what had transpired went beyond any claim of an unlawful search and seizure and was consistent with a tactical decision not to move to suppress the evidence.

or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence."

The section makes review of a search and seizure issue on appeal dependent upon the defendant's moving for the return of property or suppression of the evidence at some stage of the proceedings prior to conviction. No such motion was made in this case.

It is true, as Gee points out, the Supreme Court in *People* v. *Triggs, supra,* 8 Cal.3d 884, deemed a motion to strike the testimony of a witness at the preliminary hearing the equivalent of a motion to suppress evidence within the meaning of Penal Code section 1538.5, subdivision (m). However, in *Triggs,* the question of the suppression of the testimony was raised and ruled upon in the superior court both at the time of trial and when Triggs moved to quash the information under .Penal Code section 995 (see *Triggs, supra,* fn. 2, pp. 887-888). We do not interpret *Triggs* as holding that every objection to the introduction of evidence at the preliminary hearing on Fourth Amendment grounds should be deemed a motion to suppress evidence within the meaning of subdivision (m) so as to preserve the suppression or search and seizure issue on appeal. Where, as here, a defendant makes no effort to challenge the search in the superior court and affirmatively consents to the admission into evidence at the trial of the products of that search, we are unwilling to treat or deem his preliminary hearing objection to the evidence as a motion to suppress which preserves his right to a review of the search and seizure issue on appeal under the provisions of Penal Code section 1538.5, subdivision (m).

Gee has waived the question of the validity of the search and seizure and we need not discuss the merits of the issue on appeal.

The judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied October 27, 1975, and appellant's petition for a hearing by the Supreme Court was denied December 4, 1975. Mosk, J., was of the opinion that the petition should be granted.