Opinion
 

 FILES, P. J.
 

 A complaint filed in municipal court charged petitioner with violations of sections 11358 and 11359 of the Health and Safety Code. At his preliminary examination, he moved, pursuant to section 1538.5 of the Penal Code, to suppress evidence upon the ground it was obtained by an illegal search and seizure. The motion was denied by the magistrate and petitioner was bound over to the superior court for trial. After the trial in the superior court had commenced, petitioner was allowed to change his plea to guilty of violation of section 11359. Following that, he substituted new counsel and, when arraigned for judgment, he moved to withdraw that plea, supporting his motion by a declaration which, in effect, alleged inadequate representation by counsel. The motion was denied and he was sentenced. He presented to the court a notice of appeal indicating that he desired to raise on appeal the denial of his municipal court motion under section 1538.5 and the denial of his motion to set aside the plea. The trial court denied his request for a transcript and his request for a certificate under section 1237.5 of the Penal Code.
 
 [1]
 

 
 *329
 
 Petitioner seeks from this court a writ of mandate “to correct the trial court’s abuse of discretion, by compelling the trial court to set aside its order of denial of Petitioner’s Appeal and further order that his appeal be certified to the Appellate Court and his request for Record on Appeal be granted, in order for him to properly challenge the denial of his Motion to Suppress and his Motion to set aside his plea of guilty.”
 

 I
 

 Without a. certificate of probable cause issued by the superior court under Penal Code section 1237.5, petitioner is not entitled to appellate review of the order denying his motion to set aside his plea. (See
 
 People
 
 v.
 
 Ribero
 
 (1971) 4 Cal.3d 55, 60 [92 Cal.Rptr. 692, 480 P.2d 308].) Upon the record made here, we cannot say that the superior court abused its discretion in denying the certificate of probable cause. If petitioner has any ground for setting aside his plea, it must be supported by facts not disclosed in the superior court record. Review by habeas corpus remains available to him if he can present facts supporting such relief. (See
 
 In re Saunders
 
 (1970) 2 Cal.3d 1033 [88 Cal.Rptr. 633, 472 P.2d 921].)
 

 II
 

 Subdivision (m) of section 1538.5 of the Penal Code provides: “The proceedings provided for in this section, Section 995, Section 1238, and Section 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.”
 

 If, under the facts of this case, petitioner is entitled to appellate review of the search issue, he does not need a certificate under section 1237.5.
 
 (People
 
 v.
 
 Kaanehe
 
 (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028].)
 

 
 *330
 
 Since petitioner never made a motion in the superior court under either sections 995 or 1538.5, the question before us is whether subdivision (m) of section 1538.5 authorizes an appeal, after a guilty plea, where the search issue was raised only in the municipal court at a preliminary hearing.
 

 Other cases have discussed appellate review of a motion to suppress made at the preliminary examination, but none have considered or decided the issue which is presented here.
 

 In
 
 People
 
 v.
 
 Triggs
 
 (1973) 8 Cal.3d 884 [106 Cal.Rptr. 408, 506 P.2d 232] the court dealt with this subject in footnote 2 on pages 887 and 888: “Defendant failed to make a section 1538.5 motion to suppress prior to trial but did seek to make a motion to. suppress at trial (§ 1538.5, subd. (h)) in order to make certain that the objection to the testimony made at the preliminary hearing was preserved on appeal despite the submission of the case on the transcript of the preliminary hearing. As the trial court specifically addressed itself to defendant’s argument for suppression when the court delivered its judgment, it appears that the court did entertain the section 1538.5 motion made at trial. Although the People objected at trial to the court’s consideration of the motion, they do not maintain that we are precluded from considering defendant’s claim of illegal search and seizure on appeal.
 

 “The 1970 amendment to section 1538.5 (subd. (h)) removed the trial court’s prior discretion to consider a section 1538.5 motion first made at the time of trial. (Stats. 1970, ch. 1441, p. 2800, § 1.5.) A section 1538.5 motion may now be made at trial only upon a showing of good cause why the opportunity to make the motion did not exist prior to trial. The restriction imposed by the 1970 amendment, however, is a limitation only on preconviction challenges of the admissibility of the evidence. (See
 
 People
 
 v.
 
 Medina
 
 (1972) 6 Cal.3d 484 [99 Cal.Rptr. 630, 492 P.2d 686]; see also
 
 Thompson
 
 v.
 
 Superior Court
 
 (1968) 262 Cal.App.2d 98, 106-107 [68 Cal.Rptr. 530].) ‘A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case . . . providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.’ (§ 1538.5, subd. (m).)
 

 “We deem defendant’s motion to strike Officers Aldahl’s testimony at the preliminary hearing as equivalent to a motion to suppress evidence
 
 *331
 
 within the meaning of section 1538.5 (subd. (m)). In any case, defendant is entitled to review of the denial of his section 995 motion on appeal from a judgment of conviction. (Pen. Code, §§ 1235, 1237;
 
 People
 
 v.
 
 Taylor
 
 (1967) 250 Cal.App.2d 367, 370 [58 CaI.Rptr. 269].)”
 

 We do not regard that footnote as controlling the case now before us.
 

 In
 
 Triggs,
 
 the motion under section 995 called upon the superior court to decide whether the defendant had been legally committed, and whether he had been committed without probable cause. Those questions necessarily included the issue raised by the motion to suppress. The superior court’s ruling on the 995 motion reflected its decision that the evidence was not the product of an illegal search or seizure. In the present case there was no 995 motion and the superior court was never given an opportunity to pass upon the search and seizure issue.
 

 In
 
 People
 
 v.
 
 Myles
 
 (1975) 50 Cal.App.3d 423 [123 CaI.Rptr. 348], the court assumed that the motion made at the preliminary was sufficient to preserve the issue on appeal. The only discussion of that matter is on page 430 in footnote 4 where the court said: “Although appellant’s search and seizure contentions, which we determine to be without merit, were not raised by way of a motion prior to trial to suppress evidence pursuant to Penal Code section 1538.5, they were preserved for purposes of appeal by appellant’s motion to strike testimony on search or seizure grounds at the preliminary hearing.
 
 (People
 
 v.
 
 Triggs,
 
 8 Cal.3d 884, 887-888 fn. 2 [106 CaI.Rptr. 408, 506 P.2d 232];
 
 People
 
 v.
 
 Jenkins,
 
 13 Cal.3d 749, 753 fn. 4 [119 Cal.Rptr. 705, 532 P.2d 857].) Thus it is unnecessary to discuss appellant’s additional contention that trial counsel’s failure to make a section 1538.5 motion prior to trial constituted ineffective assistance of counsel....”
 

 The citation of
 
 Triggs
 
 in that footnote carries the implication that the issue had been preserved by making a motion under section 995, as it had been in
 
 Triggs.
 
 In any event, the
 
 Myles
 
 case did not discuss the effect of a total bypass of the superior court.
 

 In
 
 People
 
 v.
 
 Jenkins
 
 (1975) 13 Cal.3d 749, 753 [119 Cal.Rptr. 705, 532 P.2d 857], the court refused to review the search issue because it had not been raised either at the preliminary or at the trial. Hence, that opinion had no occasion to consider the issue presented here.
 

 
 *332
 

 People
 
 v.
 
 Gee,
 
 52 Cal.App.3d 100 [124 Cal.Rptr. 735], on which the People rely, does not decide the question presented here. In that case the defendant’s objection to the evidence was overruled, but at the superior court trial the defendant’s attorney stated that he had no objection to some evidence being received. The decision in
 
 Gee,
 
 refusing to review the municipal court ruling, rests on that express waiver of the search and seizure issue.
 

 The pertinent language of subdivision (m) of section 1538.5 is in its concluding sentence: “Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.”
 

 Defendant’s position is that the word “proceedings” includes the preliminary examination. That interpretation would run counter to two basic and long established principles of efficient judicial administration.
 

 The first principle is that, except in extraordinary circumstances, a litigant is not permitted to bypass a remedy in a. lower court and reserve his grievance for submission to a higher court. (See, e.g.,
 
 Citizens Utilities Co.
 
 v.
 
 Superior Court
 
 (1963) 59 Cal.2d 805, 814 [31 Cal.Rptr. 316, 382 P.2d 356];
 
 Phelan
 
 v.
 
 Superior Court
 
 (1950) 35 Cal.2d 363, 372 [217 P.2d 951]; rule 56(a), Cal. Rules of Court.) Any violation of that principle would operate to transfer a part of the caseload of the trial courts to the appellate courts.
 

 The second general principle, closely related to the first, is that an appeal brings before the appellate court for review only those matters which were before the lower court when it made its decision. (See, e.g.,
 
 People
 
 v.
 
 Chi Ko Wong
 
 (1976) 18 Cal.3d 698, 710 [135 Cal.Rptr. 392, 557 P.2d 976];
 
 People
 
 v.
 
 Merriam
 
 (1967) 66 Cal.2d 390, 396 [58 Cal.Rptr. 1, 426 P.2d 161].) One application of that principle is that, on an appeal from a superior court judgment, the appellate court does not review the preliminaiy examination unless it was attacked in the superior court by a motion under Penal Code section 995. (See, e.g.,
 
 People
 
 v.
 
 Harris
 
 (1967) 67 Cal.2d 866, 870 [64 Cal.Rptr. 313, 434 P.2d 609].)
 

 Subdivision (m) serves a valuable purpose in cases where the defendant has no defense other than his motion to suppress. The procedure intended is that defendant will make his motion to suppress in
 
 *333
 
 the superior court and, if the motion is denied, plead guilty and take his appeal. Subdivision (m) saves the delay and expense of a needless trial by providing that the guilty plea does not bar appellate review of the single litigated issue. But no good purpose would be served by encouraging a defendant to bypass a superior court decision on the search and seizure issue. If a defendant has a meritorious objection to evidence, he should make it in the superior court so that he may not need an appeal.
 

 We believe subdivision (m) reflects the legislative intent that the defendant may appeal after a guilty plea only if he has raised the issue in the proceedings from which the appeal has been taken, i.e., the proceedings of the superior court.
 

 The petition is denied.
 

 Kingsley, J., and Dunn, J., concurred.
 

 [1]
 

 Penal Code section 1237.5 provides: “No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: “(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and “(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk.”