[No. C049702. Third Dist. Oct. 29, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
CLIFTON LEE RICHARDSON, Defendant and Appellant.

576

580

## Counsel

Curt R. Zimansky, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Carlos A. Martinez, Stephen G. Herndon and Sarah J. Farhat, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ROBIE, J.**—Penal Code[1] section 859a authorizes a magistrate to accept a guilty or no contest plea from a defendant charged with a felony, then certify

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the case to the superior court for pronouncement of judgment. The question here is whether a defendant who takes advantage of this certified plea process after the magistrate has denied his or her motion to suppress at the preliminary examination can thereafter seek appellate review of the magistrate's ruling on the search and seizure issue. We agree with *People v. Garrido* (2005) 127 Cal.App.4th 359 [25 Cal.Rptr.3d 494] that the answer to that question is "no." Under the rule from *People v. Lilienthal* (1978) 22 Cal.3d 891 [150 Cal.Rptr. 910, 587 P.2d 706], if a defendant wants to seek appellate review of a search and seizure issue, he or she must raise that issue before a superior court judge acting in that capacity. As we will explain, if a defendant pleads guilty in front of a superior court judge—or anyone else—acting as a magistrate, there is no way the defendant can renew his or her suppression motion or otherwise raise the search and seizure issue in the superior court. Accordingly, appellate review of a search and seizure issue pursuant to section 1538.5, subdivision (m) (section 1538.5(m)) is barred when the certified plea process is used. This result is consistent with the purpose of that process, which is to provide for the expeditious resolution of felony cases.

Here, defendant Clifton Lee Richardson's claim that the magistrate erred in denying his suppression motion is subject to the foregoing analysis; we cannot reach that issue because defendant pled guilty in front of the magistrate under section 859a after his motion to suppress was denied. Moreover, we cannot review defendant's alternate claim that he was denied effective assistance of counsel because his attorney failed to preserve the denial of his suppression motion for appellate review because that claim is outside the limited issues that are reviewable on appeal from a conviction following a guilty plea. Accordingly, we will dismiss this appeal without prejudice to any rights defendant may have to relief by way of a petition for writ of habeas corpus.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2005, defendant was stopped by police and found in possession of a syringe containing heroin. Three days later, he was charged by complaint with a felony count of possession of heroin and a misdemeanor count of unauthorized possession of a syringe.

In advance of the preliminary examination, defendant filed a motion to suppress on the ground he had been illegally detained prior to discovery of the syringe. On the date set for the preliminary examination, Judge Michael Garrigan—sitting as a magistrate—first heard the motion to suppress. Upon concluding "it was reasonable for the officer to act as he did," Judge Garrigan denied the suppression motion and was prepared to proceed with the preliminary examination. At that point, however, defense counsel announced that

defendant would "be entering a plea of guilty for Prop. 36." The prosecutor clarified that the plea would be to the possession of heroin charge only. After taking the plea, Judge Garrigan asked defense counsel whether it was defendant's "[i]ntention to proceed with pronouncement of judgment," and she said it was. Defendant then waived his right to a probation report, and Judge Garrigan immediately suspended imposition of sentence and placed defendant on probation under Proposition 36. The charge of possessing a syringe was dismissed on the prosecution's motion "in light of the plea."

Defendant subsequently filed a notice of appeal without a certificate of probable cause based on the denial of his suppression motion.[2]

## DISCUSSION

### I

#### *Appellate Review of the Denial of the Motion to Suppress*

Defendant contends Judge Garrigan erred in denying his motion to suppress because the police detained him without reasonable suspicion. Before we can address that contention, however, we must determine whether Judge Garrigan's denial of defendant's motion to suppress is reviewable on appeal, given that the judge was acting as a magistrate, rather than as a superior court judge, when he ruled on that motion. The answer to that question depends on whether the rule from *People v. Lilienthal, supra,* 22 Cal.3d at page 891, applies under the circumstances of this case. For the reasons that follow, we conclude it does and therefore the denial of defendant's suppression motion is not reviewable.

### A

#### *The* Lilienthal *Rule*

■ A defendant can obtain appellate review of a search and seizure issue only if "at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence." (§ 1538.5(m).) In *Lilienthal,* a majority of our Supreme Court concluded this condition was not satisfied simply because the defendant moved to suppress

---

[2] For purposes of appeal, an order granting probation is deemed a final judgment of conviction from which an appeal may be taken. (§ 1237, subd. (a).) Although an appeal from a judgment of conviction predicated on a guilty plea is generally barred without a certificate of probable cause (§ 1237.5), that is not true when the defendant seeks review of the denial of a suppression motion. (See § 1538.5(m); Cal. Rules of Court, rule 8.304(b).)

evidence at the preliminary examination, even though the preliminary examination might otherwise appear to be " 'some stage of the proceedings prior to conviction.' " (*People v. Lilienthal, supra*, 22 Cal.3d at pp. 895–897.)

In *Lilienthal*, the defendant unsuccessfully moved to suppress at the preliminary examination and was held to answer on all charges. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 895.) "In the superior court, defendant moved to dismiss the information pursuant to section 995 on the ground that the only substantial evidence supporting the commitment was obtained in violation of the Fourth Amendment.[3] The motion was denied." (*Ibid.*) The defendant then pled guilty to one charge, the remaining charges were dismissed on the People's motion, and the court granted the defendant probation after imposing, but suspending execution of, a prison term. (*Lilienthal*, at p. 895.)

On appeal, the defendant sought review of the search and seizure issue only. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 895.) The People argued the defendant was "not entitled to appellate review under section 1538.5, subdivision (m) because he pleaded guilty without renewing his motion to suppress in the superior court." (*Lilienthal*, at p. 895.) A majority of our Supreme Court agreed that the statute "should be interpreted to require that the matter be raised in the superior court to preserve the point for review on appeal." (*Id.* at p. 896; see also *id.* at p. 901 (conc. opn. of Bird, C. J.).) The court went on to conclude, however, that the search and seizure issue could be raised in the superior court either by way of a renewed motion to suppress under subdivision (i) of section 1538.5 or by way of a motion to set aside the information under section 995. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 897.)

The explanation the *Lilienthal* court gave for why only proceedings in the superior court could be considered "some stage of the proceedings prior to conviction" within the meaning of section 1538.5(m) was that "it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention."[4] (*People v. Lilienthal,*

---

[3] Section 995 provides that an information shall be set aside on a defendant's motion if "the defendant had been committed without reasonable or probable cause." (§ 995, subd. (a)(2)(B).) "A defendant is held to answer without reasonable or probable cause within the meaning of section 995 of the Penal Code when the only substantial evidence supporting his commitment has been obtained in violation of the Fourth Amendment." (*People v. Scoma* (1969) 71 Cal.2d 332, 335 [78 Cal.Rptr. 491, 455 P.2d 419].)

[4] In her concurring opinion, Chief Justice Bird did "not agree with the dictum [in the majority opinion] that a search and seizure issue in a felony case must be litigated in the *superior* court in order to 'preserve the point for review on appeal . . . .' " (*People v. Lilienthal, supra*, 22 Cal.3d at p. 901.) In her view, because "a preliminary hearing is a 'stage of the proceedings prior to conviction,' a motion to suppress made at that stage is squarely appealable

*supra,* 22 Cal.3d at p. 896.) To fully understand this explanation, it is necessary to understand the role *magistrates* play in the prosecution of felonies in California.

■ In California, "[a]ll felonies shall be prosecuted by indictment or information . . . ." (§ 737.) Before an information is filed, however, "there must be a preliminary examination of the case against the defendant and an order holding him to answer." (§ 738.) It is the role of a *magistrate* to conduct the preliminary examination and determine whether probable cause exists to hold the defendant to answer . . . . (§ 872.) "A magistrate is an officer having power to issue a warrant for the arrest of a person charged with a public offense."[5] (§ 807.)

It has long been understood that "[m]agistrates presiding at preliminary hearings do not sit as judges of courts, and exercise none of the powers of judges in court proceedings." (*People v. Newton* (1963) 222 Cal.App.2d 187, 189 [34 Cal.Rptr. 888].) More than 100 years ago, our Supreme Court explained that "[a] superior judge, when sitting as a magistrate, possesses no other or greater powers than are possessed by any other officer exercising the functions of a magistrate. The justices of this court, judges of the superior courts, justices of the peace and police magistrates in cities and towns are each and all by the statute made magistrates. [Citation.] The office is purely a statutory one, and the powers and duties of the functionary are solely those given by the statute; and those powers are precisely the same whether exercised by virtue of one office, or that of another. The statute makes no sort of distinction between them. If a judge of a superior court, or a justice of this court, sees fit to assume the duties of a committing magistrate—duties which are usually performed by others—he has no greater authority as such magistrate than that possessed by any justice of the peace or police judge." (*People v. Cohen* (1897) 118 Cal. 74, 78 [50 P. 20].)

Based on this understanding of the role of magistrates, the Supreme Court in *Lilienthal* essentially rejected the idea that a judgment of conviction for a felony imposed by a *superior court* could be challenged on appeal based on an error made by the committing *magistrate* at the preliminary hearing. Only if the defendant raised the search and seizure issue *in the superior court*—i.e., at some point *after* the preliminary proceedings before the magistrate—could

---

under subdivision (m) [of section 1538.5]. However 'inappropriate' the members of this court might believe such a procedure to be, the statute has permitted it. As there is no constitutional impediment to the procedure the Legislature has set forth, this court may not ignore the statute." (*People v. Lilienthal, supra,* 22 Cal.3d at p. 901.)

[5] Although now only judges of the Supreme Court, the courts of appeal, and the superior court are magistrates (§ 808), it was not always so. Historically, justices of the peace, city court judges, and municipal court judges were also magistrates. (See former § 808; Stats. 1945, ch. 43, § 1, p. 361.)

the defendant be deemed to have raised that issue "at some stage of the proceedings prior to conviction" as required for appellate review of the issue under section 1538.5(m).

Interestingly enough, a more thorough explanation of the rationale for the rule the Supreme Court adopted in *Lilienthal* can be found in a decision by Division Four of the Court of Appeal, Second Appellate District that preceded *Lilienthal* by a little more than a year. (*Ramis v. Superior Court* (1977) 74 Cal.App.3d 325 [141 Cal.Rptr. 374].) In *Ramis*, as in *Lilienthal*, the defendant unsuccessfully moved to suppress at the preliminary examination and was held to answer, then later pled guilty in the superior court. (*Ramis v. Superior Court, supra*, 74 Cal.App.3d at p. 328.) Unlike in *Lilienthal*, however, he did not move to set aside the information nor did he renew his motion to suppress before trial. (*Ramis*, at p. 328.)

In a subsequent writ proceeding in the appellate court, the court faced "the question [of] whether subdivision (m) of section 1538.5 authorizes an appeal, after a guilty plea, where the search issue was raised only in the municipal court at a preliminary hearing." (*Ramis v. Superior Court, supra*, 74 Cal.App.3d at p. 330.) The defendant argued that "the word 'proceedings' [in section 1538.5(m)] includes the preliminary examination." (*Ramis*, at p. 332.) The appellate court disagreed, concluding that "[t]hat interpretation would run counter to two basic and long established principles of efficient judicial administration. [¶] The first principle is that, except in extraordinary circumstances, a litigant is not permitted to bypass a remedy in a lower court and reserve his grievance for submission to a higher court. [Citations.] Any violation of that principle would operate to transfer a part of the caseload of the trial courts to the appellate courts. [¶] The second general principle, closely related to the first, is that an appeal brings before the appellate court for review only those matters which were before the lower court when it made its decision. [Citations.] One application of that principle is that, on an appeal from a superior court judgment, the appellate court does not review the preliminary examination unless it was attacked in the superior court by a motion under Penal Code section 995." (*Ibid.*)

The *Ramis* court went on to explain that section 1538.5(m) "serves a valuable purpose in cases where the defendant has no defense other than his motion to suppress. The procedure intended is that defendant will make his motion to suppress in the superior court and, if the motion is denied, plead guilty and take his appeal. Subdivision (m) saves the delay and expense of a needless trial by providing that the guilty plea does not bar appellate review of the single litigated issue. But no good purpose would be served by encouraging a defendant to bypass a superior court decision on the search and seizure issue. If a defendant has a meritorious objection to evidence, he

should make it in the superior court so that he may not need an appeal." (*Ramis v. Superior Court, supra,* 74 Cal.App.3d at pp. 332–333.)

B

*The* Lilienthal *Rule in the Wake of Trial Court Unification*

The *Lilienthal* rule went largely unquestioned for 20 years—then came trial court unification. In June 1998, the electorate adopted Proposition 220, "which had the effect of empowering each county to abolish the municipal court in that county by merging its judges and resources into the superior court." (*Pajaro Valley Water Management Agency v. McGrath* (2005) 128 Cal.App.4th 1093, 1101 [27 Cal.Rptr.3d 741].) Shortly thereafter, the Legislature enacted numerous statutory changes to allow for unification. (Stats. 1998, ch. 931.)

Because preliminary examinations were traditionally conducted by municipal court judges sitting as magistrates, the elimination of the municipal court raised the idea that the basis for the *Lilienthal* rule had disappeared along with the municipal court. This issue was first addressed in *People v. Hart* (1999) 74 Cal.App.4th 479 [86 Cal.Rptr.2d 762]. In *Hart,* the committing magistrate—a judge of the unified superior and municipal court in Sacramento County—denied the defendant's motion to suppress at the preliminary examination. (*Id.* at pp. 483–484.) The case was later tried before a different judge of the same court, but the defendant did not renew his suppression motion. (*Id.* at p. 484.) On appeal from the judgment of conviction, the defendant sought review of the search and seizure issue. (*Id.* at p. 483.) This court concluded that despite the unification of the municipal and superior courts, "The defendant failed to preserve the issue [for appellate review] because she did not raise the issue at trial." (*Id.* at p. 485.) The court explained its ruling as follows: "Even though [the two judges] both sat on the Sacramento Superior and Municipal Court, [the first judge] functioned in this case as a committing magistrate, not as a trial judge. The distinction is not artificial and inconsequential. The magistrate serves a function different from the function of the trial judge. While the magistrate makes a determination of probable cause in connection with a preliminary hearing [citation], the trial judge may review the magistrate's finding of probable cause and reverse it [citation]. [¶] Even though the voters and Legislature have made it possible for judges to serve in either role, the roles are still distinct and take place at different levels—that is, the magistrate makes determinations reviewable by the trial judge. When we undertake review of a case, we are reviewing the actions of the trial judge who had the ability to review the findings of the magistrate. [Citation.] Accordingly, the possibility that the magistrate and

the trial judge are judges of the same court does not affect our analysis under [*Lilienthal*]."[6] (*People v. Hart, supra*, 74 Cal.App.4th at pp. 485–486.)

In essence, the *Hart* court concluded that trial court unification had no effect on the *Lilienthal* rule because unification did not change the distinct roles of magistrates and trial court judges in the prosecution of felonies.

Two years after *Hart*, the effect of trial court unification on the *Lilienthal* rule was addressed again in *People v. Hoffman* (2001) 88 Cal.App.4th 1 [105 Cal.Rptr.2d 372]. In *Hoffman*, as in *Hart*, the committing magistrate denied the defendant's motion to suppress at the preliminary examination. (*People v. Hoffman, supra*, 88 Cal.App.4th at p. 2.) After being charged by information, the defendant pled guilty without renewing his motion to suppress. (*Ibid.*) On appeal, he sought review of the magistrate's ruling, but Division Three of the Court of Appeal, Fourth Appellate District concluded he had "waived his right to appeal by failing to renew his suppression motion before the trial judge." (*Ibid.*) The *Hoffman* court "agree[d] with the result reached in *Hart*, but for a different reason: the constitutional amendment creating a unified court system specifically provided for trial court review of preliminary hearing suppression motions." (*Hoffman*, at p. 3.)

What the *Hoffman* court was referring to was former section 23 of article VI of the California Constitution, which had been added in 1998 by Proposition 220 at the outset of the trial court unification process.[7] Subdivision (c) of former section 23 provided in pertinent part that "[e]xcept as provided by statute to the contrary, in any county in which the superior and municipal courts become unified . . . [¶] . . . [¶] (7) Penal Code procedures that necessitate superior court review of, or action based on, a ruling or order by a municipal court judge shall be performed by a superior court judge other than the judge who originally made the ruling or order." As the *Hoffman* court noted, the purpose of subdivision (c)(7) was to " 'preserve[] single judge review of preliminary criminal matters under Penal Code Sections 995 (setting aside indictment or information) and 1538.5 (motion to suppress).' (Trial Court Unification: Constitutional Revision (SCA 3) (Jan. 1994) 24 Cal. Law Revision Com. Rep. (1994) pp. 1, 83.)" (*People v. Hoffman, supra*, 88 Cal.App.4th at p. 3.)

---

[6] The court nonetheless went on to address the merits of the defendant's argument on the search issue in the course of addressing the argument that the defendant's trial counsel was "constitutionally ineffective for failing to preserve the legality of the search as an issue to be considered on appeal." (*People v. Hart, supra*, 74 Cal.App.4th at p. 486.)

[7] This provision was amended in 2002 by Proposition 48 to provide for its repeal effective January 1, 2007, "to reflect completion of the process of unification of the municipal and superior courts." (Cal. Law Revision Com. com. & Historical Notes, 2 West's Ann. Cal. Const. (2007 supp.) art. VI, § 23.) It should be noted, however, that a statute that largely restates the repealed constitutional provision—Government Code section 70212—remains in effect.

In essence, the *Hoffman* court concluded that this constitutional provision recognized the continuing vitality of the *Lilienthal* rule in the wake of trial court unification, the only difference being that review of the magistrate's ruling would have to be by a different superior court judge than the one who served as the magistrate, unless the Legislature enacted a statute providing otherwise. (See *People v. Hoffman, supra,* 88 Cal.App.4th at p. 3.)

In fact, the Legislature *did* enact such a statute—section 859c. (See Stats. 1998, ch. 931, § 370.) Section 859c largely parallels the former constitutional provision, requiring that "superior court review of a challenged ruling or order made by a superior court judge or a magistrate shall be performed by a superior court judge other than the judge or magistrate who originally made the ruling or order," but it contains an important exception— *"unless agreed to by the parties."* (§ 859c, italics added.) Thus, section 859c authorizes the parties to agree that a ruling made by a superior court judge sitting as a magistrate can later be reviewed by the same judge.

The next published case in this area is *People v. Hinds* (2003) 108 Cal.App.4th 897 [134 Cal.Rptr.2d 196]. As in *Hoffman,* without renewing his motion to suppress, the defendant in *Hinds* pled guilty in the superior court after being charged by information following the denial of his motion to suppress at the preliminary examination. (*People v. Hinds, supra,* 108 Cal.App.4th at pp. 899–900.) Citing *Hart* and *Hoffman,* this court held that trial court unification had not obviated the *Lilienthal* rule.[8] (*People v. Hinds, supra,* 108 Cal.App.4th at p. 900.)

The most recent published case on this subject is *People v. Garrido, supra,* 127 Cal.App.4th at page 359. In *Garrido,* the defendant unsuccessfully moved to suppress at a conference before the preliminary examination. (*Id.* at p. 362.) Later that same day, the defendant pled guilty before the magistrate, and the case was certified to the superior court for sentencing. (*Id.* at pp. 362–363.) At the sentencing hearing, the court suspended imposition of sentence and granted the defendant probation. (*Id.* at p. 361.) When the defendant sought appellate review of the magistrate's denial of her suppression motion, Division One of the Court of Appeal, Fourth Appellate District concluded that "*Lilienthal* continues to apply postunification because the California Constitution, [former] article VI, section 23, subdivision (c) . . . specifically provides for superior court review of preliminary hearing suppression motions. [Citation.] The rationale for continuing to apply *Lilienthal* after unification is based on the distinct roles assigned to the magistrate and the superior court." (*People v. Garrido, supra,* 127 Cal.App.4th at p. 364.)

---

[8] The greater significance of *Hinds* was in its discussion of the defendant's ineffective assistance of counsel claim, which is not pertinent here.

Based on the foregoing, the consensus is that the *Lilienthal* rule continues to apply even in the wake of trial court unification because that rule never rested on the distinction between the municipal court and the superior court; rather, it rests on the distinction between magistrates and superior court judges—a distinction that remains valid even following unification.

## C

### *The Present Case*

That brings us to the present case. Of the four published cases addressing the *Lilienthal* rule in the wake of trial court unification, this case is most like *Garrido*. As in *Garrido* (and unlike in *Hart*, *Hoffman*, and *Hinds*), defendant here was never held to answer, and no information was ever filed. Instead, he pled guilty before the magistrate after the magistrate's denial of his suppression motion.

This case is not entirely like *Garrido*, however, because while the magistrate in *Garrido* certified the case to the superior court,[9] it does not appear Judge Garrigan did so here. The question is whether that distinction makes any difference for purposes of defendant's right to seek appellate review of the magistrate's denial of his suppression motion. To answer that question, we need to understand what it means to "certify" a case to the superior court under section 859a.

■ Section 859a provides that in the case of "a felony not punishable with death," "the defendant may plead guilty to the offense charged" "[w]hile the charge remains pending before the magistrate." (§ 859a, subd. (a).) The statute further provides that "[u]pon accepting the plea of guilty or nolo contendere the magistrate shall certify the case, including a copy of all proceedings therein and any testimony that in his or her discretion he or she may require to be taken, to the court in which judgment is to be pronounced at the time specified under subdivision (b) . . . ." (*Ibid.*) Subdivision (b) of the statute requires the magistrate to "immediately appoint a time for pronouncing judgment in the superior court." (§ 859a, subd. (b).) Thus, section 859a requires the magistrate to certify the case to the superior court so that that court can pronounce judgment.

---

[9] Indeed, the appellate court in *Garrido* specifically rejected the defendant's argument that "her case was never certified to superior court," noting "the order signed by the court that 'this case together with a copy of all proceedings held herein is certified to the Superior Court for this County.' " (*People v. Garrido*, *supra*, 127 Cal.App.4th at p. 364.)

In this context, the word "certify" means "[t]o attest as being true."[10] (Black's Law Dict. (7th ed. 1999) p. 220, col. 2.) By certifying the case, the magistrate essentially vouches or verifies to the superior court that the documents in the file (e.g., the complaint, the plea form) and, to the extent applicable, the record of any testimony that was given, are true and correct. Thus, certification serves as the transition point between the preliminary proceedings before the magistrate and the subsequent proceedings in the superior court. Indeed, upon certification, "the proceedings shall be had as if the defendant had pleaded guilty in that court," i.e., the superior court to which the case has been certified. (§ 859a, subd. (a); see also *People v. Nation* (1952) 108 Cal.App.2d 829, 830–831 [239 P.2d 891] [noting that the procedure authorized by section 859a is "in lieu of preliminary examination and holding over, followed by the filing of an information"]; § 804, subds. (a), (c) [for statute of limitations purposes, prosecution of a felony is commenced when (among other things) "[a]n indictment or information is filed" or "[a] case is certified to the superior court"].)

It does not appear any such certification happened here. After accepting defendant's guilty plea, Judge Garrigan, acting with the explicit consent of defense counsel and the tacit consent of the prosecutor, proceeded immediately to the pronouncement of judgment without a probation report. No statement was made that the case was certified to the superior court, and no order of certification appears in the clerk's transcript. Moreover, the "Preliminary Hearing Minutes" form that does appear in the clerk's transcript—which records the denial of the suppression motion, the change of plea, the waiver of a probation report, and the grant of probation—makes no mention of certification.

The question is whether the absence of certification here distinguishes this case from *Garrido* in any material way. Defendant contends it does. He argues that because "no . . . certification occurred," he was left "with no superior court trial judge proceedings before which to raise the [search and seizure] issue." In his view, that means the suppression motion he made before the magistrate was sufficient to preserve his right to appellate review of the search and seizure issue because *all* of the proceedings in this case took place before a magistrate, and therefore his suppression motion should be deemed to have been made " 'at some stage of the proceedings prior to his conviction' " within the meaning of section 1538.5(m).

■ We reject defendant's argument because we believe Judge Garrigan was acting as a superior court judge when he granted defendant probation,

---

[10] Other statutes in the Penal Code also use the word "certify" in this manner. (See, e.g., § 190 [trial court to "certify" record on appeal in death penalty case]; § 938.1, subd. (a) [reporter to "certify" transcript of grand jury proceedings resulting in indictment or accusation].)

even though he did not certify the case to the superior court. The law does not require idle acts. (Civ. Code, § 3532; *People v. Espana* (2006) 137 Cal.App.4th 549, 553 [40 Cal.Rptr.3d 258].) Where, as here, the superior court judge who acted as the magistrate in the preliminary proceedings immediately proceeds (with the explicit or tacit consent of the parties) to undertake the pronouncement of judgment, it would be pointless for that judge to have to "certify" the case to himself—i.e., verify to himself the accuracy of the record of the proceedings that just occurred in his presence—before he is allowed to proceed with the case. Moreover, while certification generally serves as the transition point between the preliminary proceedings before the magistrate and the proceedings in the superior court, we know of no reason why certification—which would otherwise serve no purpose—would be necessary to *empower* a superior court judge who had been sitting as a magistrate to begin acting as a superior court judge. At all times, even while acting as a magistrate, Judge Garrigan remained a superior court judge. Although he did not have the powers of a superior court judge—including the power to pronounce judgment—*while* he acted as a magistrate, he was entitled to move seamlessly from the role of magistrate to the role of superior court judge without any "magic words" as soon as the parties agreed to proceed immediately with the pronouncement of judgment—an act Judge Garrigan could undertake *only* in the exercise of his powers as a superior court judge.

Thus, the absence of certification does not distinguish this case in any material way from *Garrido*. In both cases, the defendants used the certified plea process to plead guilty in front of the magistrate, then sought appellate review of the magistrate's ruling without ever having raised the search and seizure issue in the superior court. The court in *Garrido* concluded that appellate review was barred under these circumstances by the *Lilienthal* rule. For the reasons that follow, we agree.

■ As we have explained, the *Lilienthal* rule requires a defendant to raise the search and seizure before a superior court judge *acting as a superior court judge* to preserve that issue for appellate review. As will be seen, this requirement *cannot* be met when the defendant takes advantage of the certified plea process and pleads guilty before the magistrate following the denial of his suppression motion at the preliminary examination.

■ Section 1538.5(m) expressly provides that "[t]he proceedings provided for in this section, and Sections 871.5, 995, 1238, and 1466 shall constitute the *sole and exclusive* remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as

evidence against him or her." (Italics added.) A review of the pertinent statutes reveals that they do not provide any way for a defendant who has pled guilty to a felony before a magistrate under section 859a to raise a search and seizure issue in the superior court.

In felony cases initiated by complaint, section 1538.5 allows motions to suppress to be filed: (1) "at the preliminary examination" (§ 1538.5, subd. (f)(2)); (2) "at a special hearing" "prior to trial" when "the defendant was held to answer at the preliminary hearing" (*id.*, subd. (i)); and (3) "during the course of trial" when "opportunity for th[e] motion did not exist or the defendant was not aware of the grounds for the motion" "prior to the trial" (*id.*, subd. (h)).

■ A defendant who pleads guilty before the magistrate under section 859a cannot use the second option to raise the suppression motion in the superior court because such a defendant is not held to answer, and there will never be a trial for the special hearing to be held "prior to." Likewise, such a defendant cannot use the third option because, again, there will never be a trial. Consequently, section 1538.5 provides no way for a defendant who pleads guilty in front of a magistrate to renew a suppression motion in the superior court. As defendant himself acknowledges, a defendant who pleads guilty under section 859a "enter[s] proceedings before the superior court trial judge only for purposes of sentencing."

Section 995 provides no recourse either. Under that statute (as we have previously noted), a defendant can move to set aside an information if he has been committed—i.e., held to answer—without reasonable or probable cause because the only substantial evidence supporting his commitment was obtained in violation of the Fourth Amendment. (§ 995, subd. (a)(2)(B); *People v. Scoma, supra,* 71 Cal.2d at p. 335.) A defendant who pleads guilty under section 859a is not held to answer, and no information is ever filed, so a section 995 motion will not lie.

■ Section 871.5 governs motions by the prosecutor to compel a magistrate to reinstate a complaint the magistrate has dismissed and thus obviously has no application in the present context. The same is true of section 1238 (which governs the People's right to appeal in felony cases) and section 1466 (which governs the right of both parties to appeal in misdemeanor and infraction cases). In short, the Legislature has not authorized any procedure by which a defendant who pleads guilty under section 859a after losing a suppression motion can renew that motion in the superior court.

In *People v. Burns* (1993) 20 Cal.App.4th 1266 [25 Cal.Rptr.2d 230], the appellate court imagined "a scenario where, upon agreement of the

prosecution and the defense, the certified plea procedure is used with an understanding on the record that before accepting the plea and imposing the bargained-for sentence, the superior court would review the ruling made by the [magistrate], utilizing the record of the suppression hearing there conducted." (*Id.* at p. 1273, fn. 3.) We reject that scenario for two reasons.

First, as we have previously observed, once a guilty plea has been accepted and a time for the pronouncement of judgment in the superior court set under section 859a, further proceedings are to be "had as if the defendant had pleaded guilty in th[e superior] court." (§ 859a, subd. (a).) Thus, contrary to what the *Burns* court suggested, when the "certified plea procedure is used" the superior court has no occasion to "accept[] the plea" at the time set for the pronouncement of judgment (*People v. Burns, supra,* 20 Cal.App.4th at p. 1273, fn. 3); the plea is already deemed by operation of law to have been made in, and accepted by, the superior court.

Second, the *Burns* court gave no consideration to the provision in section 1538.5(m) that the proceedings provided for in sections 871.5, 995, 1238, 1466, and 1538.5 are "the sole and exclusive remedies prior to conviction" for seeking to suppress evidence based on an alleged Fourth Amendment violation. The statute does not leave open the potential for the parties to create an additional, nonstatutory right to superior court review of a magistrate's denial of a suppression motion when a case comes up for sentencing following a guilty plea pursuant to section 859a.

 What this means is that a defendant who has pled guilty before a magistrate following the magistrate's denial of his or her suppression motion *cannot* raise the search and seizure issue again in the superior court. Thus—unless an exception to the *Lilienthal* rule is recognized in cases involving a guilty plea under section 859a—if a defendant who has lost a suppression motion before a magistrate wants to pursue appellate review of the search and seizure issue, he or she *cannot* plead guilty in front of the magistrate. Instead, he or she must proceed with the preliminary hearing (or waive his or her right to a preliminary hearing) and, after being held to answer, allow an information to be filed (or allow the complaint to be deemed an information). Then, he or she can either move to dismiss the information under section 995 or renew his or her suppression motion before trial under subdivision (i) of section 1538.5 and withhold his or her guilty plea until after his or her motion is denied a second time by the superior court.

Thus, unless we recognize an exception to the *Lilienthal* rule in cases involving a guilty plea under section 859a, a defendant must choose between pleading guilty under section 859a on the one hand and preserving his or her

right to appellate review of a search and seizure issue on the other. The question is whether there is any sound basis for recognizing such an exception.

Defendant has not identified any such basis, and we have not found one ourselves. Although the court's explanation of its rationale may have left something to be desired, our Supreme Court was clear in *Lilienthal* that "it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*People v. Lilienthal, supra,* 22 Cal.3d at p. 896.) If we were to do what defendant asks us to do here and reverse a felony conviction based on a determination that the magistrate erred in denying the defendant's suppression motion at the preliminary examination, we would be doing exactly what the Supreme Court said in *Lilienthal* would be "wholly inappropriate."

Furthermore, it does not matter for purposes of applying the *Lilienthal* rule that the superior court judge whose judgment we would be reversing here was the same judge who ruled on the suppression motion. Under section 859c, defendant had the right to have another superior court judge, acting as a superior court judge, review Judge Garrigan's ruling as a magistrate, but he declined to exercise that right when he pled guilty under section 859a. Having failed to avail himself of that right, he cannot now rely on the fact that the magistrate and the superior court judge in this case were the same person to justify deviating from the *Lilienthal* rule.

██ Not only have we failed to discern any sound basis for recognizing an exception to the *Lilienthal* rule in cases involving a guilty plea under section 859a, we believe the court in *Burns* identified a number of sound reasons for *not* recognizing such an exception. As the *Burns* court explained, "The certified plea process is, by its nature, intended to short-circuit further judicial proceedings, and the preclusion of a search and seizure issue from being raised on appeal is consistent with that approach." (*People v. Burns, supra,* 20 Cal.App.4th at p. 1273; see also *People v. Zolotoff* (1941) 48 Cal.App.2d 360, 362, 365 [119 P.2d 745] [the purpose of the constitutional amendment underlying section 859a was to "do away with unnecessary delays and expense in disposing of felony cases wherein the accused desired to enter a plea of guilty"].) "[A] certified plea results in the disposition of a case at a very early stage in the proceedings and thus entails the enhanced prospect of a more favorable disposition of the matter for the defendant. But, consistent with *Lilienthal* and *Ramis,* such a concept of judicial economy is illusory if it requires an appellate court to review a search and seizure issue which the trial court never had an opportunity to hear or decide. Moreover, the parties might well envision such a concept as obviating the need of a satisfied defendant, who has received a favorable plea disposition, to bother

to appeal." (*People v. Burns, supra,* 20 Cal.App.4th at p. 1272.) "[T]o the extent that a defendant has a meritorious search and seizure claim, 'no good purpose would be served by encouraging a defendant to bypass a superior court decision' [citation], and 'he should make [an appropriate motion] in the superior court so that he may not need an appeal.' [Citation.] As a practical matter, a defendant who obtains a prompt and favorable plea bargain [before the magistrate] loses little by the inability to appeal a search and seizure claim. Indeed, a certified plea enhances the defendant's argument that his prompt plea spares the further use of scarce court resources, including appellate resources, and thus results in additional leverage for the defendant in the plea bargaining process."[11] (*People v. Burns,* at pp. 1272–1273.)

Refusing to recognize an exception to the *Lilienthal* rule in cases involving a guilty plea under section 859a simply means a defendant cannot have his cake and eat it too. After testing the viability of his Fourth Amendment arguments in a motion to suppress before the magistrate and losing, he can choose to either seek a prompt and favorable resolution of the case by pleading guilty under section 859a or pursue his Fourth Amendment arguments in the superior court and on appeal, but he cannot do both.

Here, if defendant had wanted to pursue his Fourth Amendment arguments, he could have declined to plead under section 859a and insisted on his right to have another superior court judge, and ultimately (if necessary) this court, review those arguments. By choosing the plea, he forfeited his right to any further review of his argument that he was illegally detained before the police discovered the heroin-filled syringe on him.

II

*Appellate Review of Defendant's Ineffective Assistance of Counsel Claim*

Because he is barred from arguing the search and seizure issue on appeal by his failure to raise that issue in the superior court, defendant argues in the

---

[11] Here, defendant pled guilty to the possession of heroin in exchange for sentencing under Proposition 36 and dismissal of the misdemeanor charge. It does not appear from the record whether defendant would have been eligible for sentencing under Proposition 36 in the absence of the plea agreement, because Proposition 36 mandates probation for those convicted of certain narcotics offenses, but "[t]he mandate of probation and treatment . . . does not apply to five defined classes of defendants." (*In re Varnell* (2003) 30 Cal.4th 1132, 1136 [135 Cal.Rptr.2d 619, 70 P.3d 1037].) Without a probation report, which was waived as part of the plea agreement, we cannot determine whether defendant may have fallen within one of those classes. In any event, by pleading, defendant secured the dismissal of the misdemeanor charge, which was to his benefit, however slight.

alternative that he was denied effective assistance of counsel because of his trial counsel's failure to preserve the search and seizure issue for appellate review. We cannot review this argument either, however, because it is beyond the limited issues that are reviewable on appeal from a conviction following a guilty plea.

 Under section 1237.5, an appeal from a conviction predicated on a guilty plea requires a certificate of probable cause. "Notwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)

We have concluded already that defendant is barred by the *Lilienthal* rule from seeking appellate review of the magistrate's denial of his suppression motion under section 1538.5(m). Thus, we can address his claim of ineffective assistance of counsel only if that claim relates to "proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon, supra,* 13 Cal.4th at p. 74.) It does not, and therefore we cannot address it.

 To succeed on his claim of ineffective assistance of counsel, defendant would have to show that his "(1) trial counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Duncan* (1991) 53 Cal.3d 955, 966 [281 Cal.Rptr. 273, 810 P.2d 131].) As we have explained, the only way defendant could have preserved his right to appellate review of his Fourth Amendment arguments would been to have refused to plead guilty before the magistrate under section 859a and to have allowed himself to be held to answer, after which he could have filed a motion to set aside the information under section 995 or renewed his motion to suppress under section 1538.5, subdivision (i). Thus, if his trial counsel erred in failing to preserve the search and seizure issue for appellate review, that error clearly did not occur in "proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon, supra,* 13 Cal.4th at p. 74.) Accordingly, we are without power to address defendant's ineffective assistance of counsel claim in the absence of a certificate of probable cause, and defendant must pursue any such claim through a petition for writ of habeas corpus.

## DISPOSITION

The appeal is dismissed without prejudice to any rights defendant may have to relief by way of a petition for writ of habeas corpus.

Blease, Acting P. J., and Davis, J., concurred.

A petition for a rehearing was denied November 21, 2007, and appellant's petition for review by the Supreme Court was denied February 13, 2008, S158961.