Filed 12/26/25  P. v. Fields CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B337454 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA107617) |
| v. | |
| DEANTE CORTEZ FIELDS, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Kathryn A. Solorzano, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Dante Cortez Fields pleaded no contest to one count of murder in exchange for dismissal of other charges.  He later moved to withdraw his plea, arguing his attorney coerced him into making it.  The trial court denied the motion, and Fields now appeals from his conviction on the ground that the trial judge, not his attorney, coerced him into making the plea.  We conclude Fields forfeited the argument by failing to raise it below, and in any event his claim is meritless.  We thus affirm.

## BACKGROUND

On May 2, 2021, Fields shot Lionel Jones, W.B. and T.G. in Westchester Park in Los Angeles.  Jones was killed.  The Los Angeles County District Attorney charged Fields by information with murder, conspiracy to commit murder, and two counts of attempted murder.

During plea negotiations, the People contemplated offering a second degree murder conviction with a sentence of 15 years to life.  Fields stated he would refuse such an offer on the ground that his brother, who was also involved in the shooting, had been allowed to plead to manslaughter and receive a determinate sentence.  The People explained that their offer to Fields would be different because he was the actual shooter.

Over the course of three consecutive days beginning May 22, 2023, Fields, defense counsel, and the court discussed a potential plea, the court advising Fields he would be sentenced to 25 years to life if convicted of first degree murder.

The court advised Fields at length that if facts alleged in the information were proven to the jury, the prosecution would have a "very strong first degree murder" case.  The court stated that "maybe something different will come out at the trial," but unless Fields could refute the alleged facts with evidence establishing he was not the shooter or he acted in self-defense or

2

the heat of passion, it was "kind of a long shot" that the jury would convict him of second degree murder or manslaughter.

On May 23, 2013, the People offered to accept a plea to second degree murder. Fields accepted the offer the next day and so pleaded. The court found the plea was voluntary and intelligent, and sentenced Fields to 15 years to life in state prison.

In February 2024, Fields moved to withdraw his plea, arguing his trial attorney pressured him into accepting the People's offer. After a hearing, the court denied the motion.

The court granted Fields a certificate of probable cause, and he appeals from the judgment of conviction.

## DISCUSSION

Fields contends the trial court coerced his plea. We conclude he forfeited the contention by failing to raise it below, and in any event, the claim is meritless.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880 (*Sheena K.*).) " 'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]' [Citation.]" (*Id.* at p. 881.) The rule prevents a party from "bypass[ing] a remedy in a lower court and reserv[ing] his grievance for submission to a higher court." (*Ramis v. Superior Court* (1977) 74 Cal.App.3d 325, 332.)

Here, Fields never asserted below that the trial court coerced him into entering his no-contest plea; his motion to withdraw the plea was devoted entirely to his claim of ineffective assistance of counsel. As a result, the trial court had no opportunity to remediate the effect of any coercion or pressure Fields might have felt from the court's statements. His failure to assert the claim below forfeits it on appeal. (E.g., *People v. Turner* (2002) 96 Cal.App.4th 1409, 1412

[a claim that a guilty plea was involuntary is forfeited where the defendant made no motion to withdraw the plea].)

Fields argues that pursuant to *People v. Hoffard* (1995) 10 Cal.4th 1170 (*Hoffard*), once a certificate of probable cause is granted, an appellant can raise any issue attacking the validity of a plea. Fields overstates *Hoffard's* holding.

In *Hoffard*, our Supreme Court examined Penal Code section 1237.5,[1] which authorizes a trial court to grant a certificate of probable cause.  The statute provides in pertinent part that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."  (§ 1237.5, subds. (a) & (b).)

*Hoffard* examined whether section 1237.5 precluded a reviewing court "from entertaining any claims not identified in the defendant's statement and certified as nonfrivolous by the court." (*Hoffard*, *supra*, 10 Cal.4th at p. 1177.)  The court held that a reviewing court was permitted "to consider *cognizable* issues in addition to those identified in a defendant's written statement." (*Id.* at p. 1180, italics added.)  *Hoffard* did not hold, as Fields argues, that all issues are cognizable.  On the contrary, the court has recognized that, for example, as here, an issue may be forfeited, on appeal that was not raised at trial.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.)

Even if Fields did not forfeit his claim, on the merits, we discern nothing coercive in the trial court's remarks.

---

[1] Subsequent statutory references are to the Penal Code.

A trial court may play a useful part in plea negotiations. (*People v. Weaver* (2004) 118 Cal.App.4th 131, 150.)  It oversteps only where, for example, "the trial court abandons its judicial role and thrusts itself to the center of the negotiation process and makes repeated comments that suggest a less-than-neutral attitude about the case or the defendant," in which case "great pressure exists for the defendant to accede to the court's wishes."  (*Ibid*.)

Here, the court expressed no opinion about Fields's guilt but explained the strength of the People's allegations, the sort of evidence that could conceivably rebut them, the serious consequences of a guilty verdict, and the benefits of a plea bargain. Noting the realities of the People's case and the risk of proceeding to trial does not amount to coercion.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



WEINGART, J.

5