Filed 2/26/13  P. v. Martin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEFFREY STUART MARTIN,<br><br>    Defendant and Appellant. | G047278<br><br>(Super. Ct. No. 11NF2564)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent

After the trial court denied defendant Jeffrey Stuart Martin's pretrial motion to suppress evidence filed pursuant to Penal Code section 1538.5, he entered guilty pleas to charges of possessing a controlled substance for sale and transporting a controlled substance, admitted suffering several prior felony convictions, and was sentenced to four years in prison. Defendant filed a notice of appeal and we appointed counsel to represent him. Counsel filed a brief in compliance with *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] and *People v. Wende* (1979) 25 Cal.3d 436. The brief set forth the facts of the case and, although it suggested two questions related to the pretrial suppression motion, counsel advised us that she could not find any issues to argue on defendant's behalf.

Defendant was given 30 days to present written argument on his own behalf and he filed a supplemental brief. In it, he complains about his trial attorney's representation of him and challenges the validity of the vehicle stop that lead to his arrest and prosecution. The first issue is not cognizable in this appeal due to the lack of an adequate record and defendant's failure to obtain a certificate of probable cause. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b); *People v. Richardson* (2007) 156 Cal.App.4th 574, 596 [without a certificate of probable cause, an ineffective assistance of counsel claim "is beyond the limited issues that are reviewable on appeal from a conviction following a guilty plea"].)

Defendant's attack on the validity of the vehicle stop and the questions suggested in appellate counsel's brief are cognizable in this appeal. (Pen. Code, § 1538.5, subd. (m).) In compliance with *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende, supra,* 25 Cal.3d 436, we have conducted a full examination of the record and set forth below our reasons for concluding this appeal fails to present any arguable issues.

FACTS

The car driven by defendant was stopped by police on August 22, 2011, because the sticker on his license plate showed his registration expired in August. While the computer system indicated the registration had already been renewed for the following year, the law requires tags reflecting that fact be displayed. (Veh. Code § 5204, subd. (a) ["Current month and year tabs *shall* be attached to the rear license plate assigned to the vehicle" (italics added)].) Two weeks having passed since defendant should have received his tags, CHP Officer Carlo Marzocca stopped the car to find out why it was not in compliance with the statute.

When he did so, Marzocca noted that three of the four occupants of the car seemed nervous. The one who was most nervous did not have any identification. Marzocca had him get out of the car and then asked the remaining occupants what his name was. They purported not to know his name, explaining they had only met him a few weeks earlier.

While dealing with the unidentified male, Marzocca saw defendant making "furtive" and "frantic[]" movements. Concerned about his safety, the officer ordered defendant to stay still, but he continued to move around. Despite repeated admonitions from Marzocca to sit still, defendant kept trying to accomplish something between the driver's side door and seat. When he refused to show the Marzocca his hands, the officer ordered him out of the car. Defendant did not comply.

Now especially concerned for his safety, with one person outside the car and three inside, one of whom refused to get out, Marzocca moved to the passenger side of the car. From that vantage point, he was able to see that defendant had plastic baggies containing white powder in his hand. Based on his training and experience, Marzocca believed the baggies contained contraband.

Defendant finally got out of the car and began to flee, but Marzocca "tased" him. It had been two and one-half minutes since the car was stopped. Examination of what Marzocca thought was contraband confirmed his conclusion. A consequent search

of the car turned up crystal methamphetamine, over 100 small plastic baggies, a large amount of cash, a cell phone, and a digital scale disguised to look like a music CD. One of the occupants of the car had outstanding arrest warrants and two were on active parole. Any of these factors would have explained the acute nervousness Marzocca observed.

DISCUSSION

The stop of defendant's car was constitutionally unobjectionable. It is true Marzocca could not have been certain at the time he stopped the car that a violation had taken place. He needed to find out whether defendant had an explanation for the failure to attach the tags as required by law. But as the United States Supreme Court made clear in *United States v. Arvizu* (2002) 534 U.S. 266, 274 [1225 S.Ct.744, 151 L.Ed.2d 740], the existence of a possible innocent explanation for what would otherwise be a crime does not divest the police of their right to investigate. As long as there is a particularized and objective basis for the stop, it is legal. As our own Supreme Court has expressed it, "the possibility of innocent explanations for the factors relied upon by a police officer does not necessarily preclude the possibility of a reasonable suspicion of criminal activity." (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 146. Here, there was such a basis: defendant's car was not displaying the required license tags.

Nor was there a reasonable chance of successfully contending the stop was unduly prolonged. The testimony at the suppression hearing was that it lasted no more than three minutes from the stop to the arrest of defendant. "In stopping cars, [the police] may, within limits, require the driver or passengers to disembark and even search them for weapons, depending on time, place and circumstances. That this prophylactic authority is essential is attested by the number of police officers wounded or killed in the process of making inquiry into borderline, seemingly minor violation situations . . . ." (*Foley v. Connelie* (1978) 435 U.S. 291, 298 [98 S. Ct. 1067, 55 L.Ed.2d 287].) A three-minute detention where a lone officer is confronted by four exceedingly nervous detainees, one of whom has no identification (and whose name his companions claim not

4

to know), to obtain identification seems eminently reasonable – especially when part of that three minutes was taken up with defendant's own refusal to comply with reasonable requests designed to insure the officer's safety.

Defendant contends he had obtained a mailer sent to him by the Department of Motor Vehicles that he interprets to give him a 60 day grace period for the payment of his registration. He contends that grace period invalidates a stop in the month his previous registration expired.

But that argument misapprehends the reason for the stop. Defendant wasn't stopped because his registration had expired and not been renewed. He was stopped because he was not displaying the tags reflecting that registration. There is no grace period for putting the tags on the car; they are required as soon as they are received, and the court took judicial notice of the fact they are received immediately upon payment. Defendant's argument is unavailing.

Appellate counsel correctly determined no appellate issues had even an outside chance of success. The judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.


5