Filed 4/23/21  P. v. Vallijo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090695 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE022599) |
| v. | |
| JOSE MARIA VALLIJO, | |
| Defendant and Appellant. | |

Defendant Jose Maria Vallijo pled no contest to possession of a firearm as a felon and a prior strike after a magistrate denied his motion to suppress evidence.  On appeal, he argues the magistrate erred in denying his motion to suppress at the conclusion of the preliminary hearing.  Recognizing his attorney may not have adequately preserved this issue for appeal, defendant also argues his counsel was ineffective for failing to renew his motion with the trial court.  We agree that defendant's counsel was ineffective, so we reverse the judgment and remand for proceedings consistent with this opinion.

1

FACTUAL AND PROCEDURAL BACKGROUND

A

*The Search*

Defendant, a felon, was arrested after an officer found a firearm in defendant's possession. The court then held a preliminary hearing, where the following evidence was presented.

On November 27, 2018, in the afternoon, several deputies positioned themselves around Jason McCarthy's residence to conduct a probation search. McCarthy had fled from officers in the past, so the officers established a perimeter to ensure they could detain McCarthy if he fled again. Deputy John Rodriquez positioned himself in front of the residence. At that time, he saw defendant parked in a truck on the street, in front of McCarthy's house and approximately two feet from his driveway. Deputy Rodriquez saw that defendant was a white male with a shaved head, which matched McCarthy's description. He drew his weapon and approached the truck. Defendant was sitting in the truck with the engine off and with a dog in the passenger seat. Deputy Rodriquez did not see a gun or any illegal behavior as he approached the vehicle, and he described defendant as simply sitting still in his truck. Deputy Rodriquez asked defendant, "Are you Jason?" and defendant replied, "No, I'm Dwayne" as he turned toward the deputy. Deputy Rodriquez, who had seen McCarthy's picture prior to this encounter, saw that defendant did not look like McCarthy.

Deputy Rodriquez then informed defendant he was doing a probation search and that defendant was going to be detained. He ordered defendant out of the truck and he complied. As he walked defendant up the driveway to the other deputies, Deputy Rodriquez asked defendant if he had any weapons on him. Defendant said he had a handgun in his jacket. Deputy Rodriquez removed the handgun, placed defendant in handcuffs, and handed him off to the other deputies. Another deputy ran a records check of defendant and found he had a previous felony conviction.

2

Deputy Rodriquez testified that he detained defendant because he was conducting a probation search and "[b]ecause at that point we detained everybody." He explained that when conducting a probation search, "[a]nybody associated with that residence" gets detained, and he considered defendant to be associated with the residence because he was parked on the street several feet from the residence's driveway.

B

*The Motion To Suppress*

Following witness testimony at the preliminary hearing, the parties argued defendant's motion to suppress the firearm as fruit of an unlawful search conducted in violation of the Fourth Amendment. The magistrate denied the motion. In doing so, the magistrate relied particularly upon *Bailey v. United States* (2013) 568 U.S. 186 [185 L.Ed.2d 19], noting *Bailey* allows for the detention of an individual in the "immediate vicinity" of a property being searched, without probable cause, but where other circumstances permit it. In this instance, while defendant was not an occupant or a resident of the property subject to search, the magistrate found that "the officer's safety issue does extend to someone who is in the immediate vicinity, although off the property." The magistrate concluded that although "[i]t's not clear," and his ruling was "certainly something which could be tested," the search was protected by *Bailey*, as well as *Michigan v. Summers* (1981) 452 U.S. 692 [69 L.Ed.2d 340] and *People v. Glaser* (1995) 11 Cal.4th 354. The magistrate then deemed the complaint an information, which alleged defendant violated Penal Code[1] section 29800, subdivision (a)(1), felon in possession of a firearm, and also alleged he had a prior strike conviction.

---

[1]     Undesignated statutory references are to the Penal Code.

3

## C

### *The Plea And Appeal*

The parties later appeared in the trial court for a plea hearing. The trial court indicated it was considering a low term of 16 months, doubled to 32 months due to a prior strike, and explained that it would consider probation and defendant's *Romero*[2] motion at sentencing. Before defendant entered his plea, the court asked if the parties had any "additions, corrections, clarifications" to the trial court's indicated sentence and the position of the parties. Defendant's counsel responded, "Yes, Your Honor. [¶] Just want to make sure that my client would not be required to waive his appellate rights. There is a strong chance of a return on a prior decision on a 1538 motion. I just want to make sure that would be allowed if he takes this deal." The trial court answered, "It is an indicated sentence by the Court, and the Court did not contemplate and I do not intend to restrict any rights to appeal." Defendant had no further questions, so defendant entered his no contest plea, which the trial court accepted.

The trial court later denied defendant's *Romero* motion and sentenced him to 32 months, comprised of the low term of 16 months for possession of a firearm, doubled due to the strike. Shortly thereafter, defendant's trial counsel filed a notice of appeal seeking to appeal the suppression motion. He later filed an amended notice of appeal, again seeking to appeal the motion to suppress and requesting a certificate of probable cause, which he obtained.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

DISCUSSION

I

*Magistrate's Denial Of Defendant's Motion To Suppress*

Defendant first contends the magistrate erred in denying his motion to suppress at the preliminary hearing, arguing we should reverse the magistrate's ruling. We cannot reverse the denial of the suppression motion through this appeal because defendant forfeited this claim by failing to renew the motion with the trial court.

A defendant must seek review of a magistrate's ruling on a motion to suppress "in the superior court to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention" either by a motion to suppress evidence or a section 995 motion. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896.) The unification of the municipal and superior courts did not abrogate this requirement. (*People v. Richardson* (2007) 156 Cal.App.4th 574, 582, 589.) Here, it is undisputed that defendant failed to renew his motion to suppress before sentencing by a superior court judge. Accordingly, defendant is barred from directly challenging the magistrate's denial of the motion to suppress on appeal.

II

*Ineffective Assistance Of Counsel*

In the event we conclude, as we do here, that defendant's challenge to the suppression motion is forfeited, defendant argues that his counsel was constitutionally ineffective for failing to renew the motion to suppress. We agree.

A failure to preserve a Fourth Amendment claim for appeal will not necessarily preclude appellate review of the merits of the argument if the defendant asserts on appeal that his trial counsel was constitutionally ineffective for failing to preserve the argument for appeal. (*People v. Terrell* (1999) 69 Cal.App.4th 1246, 1252-1254.) To prevail on a claim of ineffective assistance of counsel, defendant must establish his attorney's

5

representation fell below professional standards of reasonableness and must affirmatively establish prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Hart* (1999) 20 Cal.4th 546, 624-625.)

"In the context of a potential pretrial motion counsel has a duty to research the law, investigate the facts and make the motion in circumstances where a diligent and conscientious advocate would do so. [Citations.] This does not mean counsel has to be absolutely convinced the motion, if made, would be granted nor that the motion, if granted, would result inexorably in the defendant's acquittal. [Citations.] The motion need only be meritorious." (*People v. Gonzalez* (1998) 64 Cal.App.4th 432, 437-438.) However, counsel may, for tactical reasons, forego making a motion even though it has merit. (*Id.* at p. 437, fn. 1.) To establish prejudice for failure to make a suppression motion, the defendant must show the motion would have been successful and that a successful motion to suppress would have resulted in an outcome more favorable to defendant. (*Id.* at p. 438; *People v. Grant* (1988) 45 Cal.3d 829, 864-865.)[3]

Turning first to merit, it is clear that a renewed motion to suppress, made on the existing record, would have been meritorious. "[I]n reviewing the instant suppression order, we consider the record in the light most favorable to [the People] since 'all factual conflicts must be resolved in the manner most favorable to the [superior] court's disposition on the [suppression] motion.' [Citation.] But while we defer to the superior court's express and implied factual findings if they are supported by substantial evidence,

---

[3] We note that defendant obtained a certificate of probable cause prior to this appeal, which permits us to consider his claim that his counsel was ineffective. (*People v. Richardson*, *supra*, 156 Cal.App.4th at p. 596 [Where a defendant has pled guilty or no contest, the defendant may properly bring an ineffective assistance of counsel claim on appeal, based on trial counsel's failure to renew a suppression motion, when the defendant has a certificate of probable cause].)

we exercise our independent judgment in determining the legality of a search on the facts so found." (*People v. Woods* (1999) 21 Cal.4th 668, 673-674.)

Defendant's suppression motion challenges the legality of his detention under the Fourth Amendment, which prohibits unreasonable seizures. (*People v. Celis* (2004) 33 Cal.4th 667, 673.) To test the seizure (detention) against "the ultimate standard of reasonableness embodied in the Fourth Amendment," we balance the extent of the intrusion against the government interests justifying it, looking in the final and dispositive portion of the analysis to the individualized and objective facts that made those interests applicable in the circumstances of the particular detention. (*Michigan v. Summers*, *supra*, 452 U.S. at pp. 699-700, 703 [69 L.Ed.2d at pp. 348, 350].)

Here, Deputy Rodriquez testified that he detained defendant incident to the deputies' probation search of McCarthy. The authority to detain an individual incident to the execution of a search warrant is limited to the "immediate vicinity of the premises" to be searched. (*Bailey v. United States*, *supra*, 568 U.S. at p. 199 [185 L.Ed.2d at p. 32].) Where it is a close question whether a defendant is in the immediate vicinity, "courts can consider a number of factors to determine whether an occupant was detained within the immediate vicinity of the premises to be searched, including the lawful limits of the premises, whether the occupant was within the line of sight of his dwelling, the ease of reentry from the occupant's location, and other relevant factors." (*Id.* at p. 201 [185 L.Ed.2d at pp. 33-34].)

In this case, defendant was parked on a public street in front of the residence to be searched. Deputy Rodriquez quickly determined defendant was not McCarthy. He had no knowledge that defendant was connected to the residence in any way, nor did he ask any questions to determine any possible connection. Indeed, Deputy Rodriquez conceded that defendant's sole "association" to the residence was his proximity to the residence's driveway. (Thus, under *Bailey*, we conclude on this record that defendant was not "within the immediate vicinity" of the residence to be searched, where he was not within

7

the lawful limits of the premises, had not previously been seen on the premises, had no known connection to the premises or its residents, and could not easily enter the residence from his location. (*Bailey v. United States*, *supra*, 568 U.S. at p. 201 [185 L.Ed.2d at pp. 33-34].) However, even if defendant was in the immediate vicinity of the residence, more than defendant's location was required to justify his detention.

When an individual is on a premises during a search warrant's execution, three law enforcement interests, taken together, justify detention of that individual: officer safety, facilitating completion of the search without distraction or destruction of evidence, and preventing flight. (*Michigan v. Summers*, *supra*, 452 U.S. at pp. 702-703 [69 L.Ed.2d at pp. 349-350].) Moreover, the California Supreme Court has held that "[w]hen, in the course of initiating a search under warrant of a private residence . . . police officers encounter on the premises a person whose identity and connection to the premises are unknown and cannot immediately be determined without detaining the person, the officers may constitutionally detain him or her for the period of time required and in the manner necessary to make those determinations and to protect the safety of all present during the detention. If the person is determined to be an occupant of the home to be searched, he or she may be detained, pursuant to *Summers*, for the duration of the search. [Citations.] If the person is determined not to be an occupant, further detention is proper only if justified by other specific, articulable facts connecting him or her to the criminal activity suspected to be occurring on the premises or establishing a danger to the officers if the person is released." (*People v. Glaser*, *supra*, 11 Cal.4th at p. 374 [detention of nonresident proper to resolve questions of identity and occupancy and to protect safety of others until those questions are resolved]; *People v. Rios* (2011) 193 Cal.App.4th 584 [applying *Glaser* to a probation search].)

In this case, there was no evidence of specific, articulable facts presented at the hearing that would justify defendant's detention. First, defendant presented no safety concerns. Deputy Rodriquez testified defendant was simply sitting in his parked car with

8

his dog and no visible weapons. He saw no illegal behavior whatsoever as he approached defendant. Deputy Rodriquez himself did not cite safety concerns as the basis for his search, and in fact affirmed several times that he detained defendant simply because he was "associated with the residence," which was the subject of the probation search. Further, there was no evidence that detention of defendant was necessary to protect the destruction of evidence or otherwise ensure a smooth, distraction-free probation search. And Deputy Rodriquez testified that defendant's car engine was off and defendant presented no immediate flight danger.

Thus, once Deputy Rodriquez determined defendant was not McCarthy, the evidence contains no specific, articulable facts connecting defendant to McCarthy, McCarthy's residence, or criminal activity. Nor does the evidence demonstrate that defendant posed any threat to officer safety or to the integrity of the search. Accordingly, a renewed motion to suppress the fruits of Deputy Rodriquez's search would have been meritorious.

Further, the record affirmatively discloses that defense counsel had no satisfactory tactical purpose in failing to renew the motion. (*People v. Pope* (1979) 23 Cal.3d 412, 426 [rational tactical purpose presumed where the record is silent as to defense counsel's decisions, unless no satisfactory explanation is possible].) Indeed, defense counsel seemed to recognize the import and potential merit of the motion to suppress, as he erroneously attempted to preserve the issue of the legality of the search prior to entering defendant's plea. This reflects a misunderstanding of law rather than a tactical choice not to renew. Also, the magistrate commented that the outcome of the motion was not clear based on the applicable law, and that his ruling was "certainly something which could be tested," which suggested defense counsel should pursue the motion again. There could have been no sound tactical reason for failing to pursue a meritorious motion which, if successful, would have resulted in dismissal of the charges brought against defendant. We therefore conclude that a reasonable attorney in defense counsel's position would

9

have brought a renewed motion to suppress, and that defense counsel had no tactical reason for his failure to do so.

Next, we are persuaded that on the existing record, a renewed motion to suppress would have been successful. As discussed, *ante*, defendant was parked on a public street with no apparent connection to McCarthy or his residence. There were no articulable, specific facts presented at the hearing to suggest that defendant posed a safety risk, flight risk, was engaged in any criminal activity, or would disrupt the probation search. Without more, there is no legal basis for the search. Although the magistrate referenced defendant's proximity to the residence, taken together with officer safety concerns, as the basis for determining the search was legal, Deputy Rodriquez did not detain defendant due to safety concerns. Rather, his detention was based solely on proximity, which, again, was on a public street in a parked truck. This is not sufficient to justify defendant's detention under *Bailey*, *Summers*, and *Glaser*.

Had the trial court found that the search was illegal, defendant's firearm, discovered in the illegal search, would have been deemed inadmissible. (*United States v. Crews* (1980) 445 U.S. 463, 470 [63 L.Ed.2d 537, 545] [fruits of illegal search inadmissible at trial].) Without evidence that defendant possessed a firearm, there would have been no basis for defendant's possession charge, let alone his conviction. It is therefore reasonably probable that a renewed suppression motion would have resulted in an outcome more favorable for defendant than a no contest plea to the possession charge. In light of the foregoing, we must conclude defendant's counsel was ineffective for failure to renew the suppression motion.

## DISPOSITION

The judgment is reversed. The case is remanded for a renewed motion to suppress pursuant to section 1538.5, subdivision (i). The clerk of this court shall forward a copy of this opinion to the State Bar of California and notify the defense counsel in the trial

10

court proceedings, as required by statute.  (See Bus. & Prof. Code, § 6086.7, subds. (a)(2) & (b).)



/s/
Robie, J.



We concur:



/s/
Hull, Acting P. J.



/s/
Murray, J.



11