Filed 2/26/24  P. v. Gibson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C099155 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF23-0000384) |
| v. | |
| JONATHAN RICHARD GIBSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jonathan Richard Gibson asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief and claims he received ineffective assistance of counsel in the trial court.  Having reviewed defendant's arguments and finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment without prejudice to defendant raising his claim of ineffective assistance of counsel by way of a petition for writ of habeas corpus.

1

BACKGROUND

On February 17, 2023, law enforcement responded to a fire at a veterinary hospital. One of the officers saw defendant in the area of the fire and stopped him. The officer found a Zippo-style torch lighter on defendant and saw that defendant's hands were black and ashy; defendant smelled of smoke. An employee of the hospital told the officer that she saw defendant at the fire. Defendant denied setting the fire, saying he was only there to watch the fire until the fire department arrived.

Defendant was arrested and charged with arson (Pen. Code, § 451, subd. (c)) and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)). The People further alleged defendant was twice previously convicted of strike offenses (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). The parties subsequently entered a negotiated plea agreement resolving this as well as several other cases.

In the negotiated, global resolution, the People dropped the strike allegations and defendant pleaded no contest to arson in exchange for the upper term of six years (he faced a maximum sentence of 15 years four months). The People also agreed defendant's sentence would run concurrent to his sentence in three other pending cases, a fourth case would be dismissed, and charges in a fifth case would be reduced to misdemeanors.[1] In exchange for the stipulated term, defendant also stipulated to several aggravating factors.

The trial court imposed the agreed-upon sentence along with various fines and fees. The trial court also awarded defendant 296 days of custody credits. Defendant filed his own notice of appeal and requested a certificate of probable cause. The trial court denied defendant's request for a certificate of probable cause.

---

[1] Two additional cases, not included in the written plea agreement, also were dismissed at sentencing: CRM22-3285 and CRM23-567.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed.

Defendant filed a supplemental brief arguing that he received ineffective assistance of counsel in the trial court. He contends trial counsel ignored his repeated requests to go to trial and withheld relevant information. To establish ineffective assistance of counsel, the defendant has the burden of demonstrating that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and he or she was prejudiced by that deficiency. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.]' " (*Ibid*.) "A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding. [Citation.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; see *People v. Jones* (2003) 29 Cal.4th 1229, 1254 [ineffective assistance claims properly resolved on direct appeal only where record affirmatively discloses no rational tactical purpose for counsel's act or omission].)

We conclude defendant has failed to carry his burden to establish that trial counsel provided inadequate representation investigating and negotiating his plea agreement. The record is silent as to trial counsel's investigation and strategy, as well as defendant's

discussions with counsel. Beyond the statements in defendant's supplemental brief, nothing in the record supports his factual representations regarding potential witnesses and evidence. We will not consider facts provided for the first time on appeal. (See *People v. Pena* (1972) 25 Cal.App.3d 414, 421-422, disapproved on other grounds in *People v. Duran* (1976) 16 Cal.3d 282, 292.) Defendant's ineffective assistance of counsel claim thus fails on direct appeal and is more properly raised in a habeas corpus petition.

To the extent defendant challenges the validity of his plea, he was required to obtain a certificate of probable cause to do so. (Pen. Code, § 1237.5; *People v. Kaanehe* (1977) 19 Cal.3d 1, 8-9; *People v. Richardson* (2007) 156 Cal.App.4th 574, 596.) Having failed to secure a certificate of probable cause, we do not consider the matter.

Having also undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, P. J.


We concur:


_____/s/_____
KRAUSE, J.


_____/s/_____
WISEMAN, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4