Filed 1/15/25  P. v. Akerson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>HARRY THOMAS AKERSON,<br><br>      Defendant and Appellant. | C100491<br><br>(Super. Ct. Nos. 23CF02550,<br>23CF02557) |

Appointed counsel for defendant Harry Thomas Akerson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Akerson filed a supplemental brief arguing that his attorney provided him with ineffective assistance of counsel and that the prosecutor engaged in misconduct.  We dismiss the appeal to the extent Akerson raises issues that cannot be considered without a certificate of probable cause.  After independently examining the record, we find no arguable error that would result in a disposition more favorable to Akerson and therefore affirm.

1

BACKGROUND

This appeal arises out of two cases. In the first case, Butte County case No. 23CF02550, Akerson stole the victim's truck and boat. The California Highway Patrol (CHP) located the truck and attempted to effectuate a traffic stop. A high-speed chase ensued. CHP ultimately ended its pursuit due to public safety concerns. Officers later found the stolen vehicle.

The information charged Akerson with driving and taking a vehicle with a prior offense, grand theft, fleeing a police officer while driving recklessly, and driving against traffic while fleeing a police officer. (Pen. Code, §§ 666.5, 487, subd. (a); Veh. Code, §§ 2800.2, subd. (a), 2800.4.) It also alleged that Akerson had a prior conviction for a serious and/or violent felony. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subd. (b).)

In the second case, Butte County case No. 23CF02557, Akerson stole a glass company truck. The victim briefly left his keys inside the truck; Akerson got into it and drove away. When officers arrived at the truck's location, Akerson and another man were taking tools from the truck and loading them into another car.

The information charged Akerson with driving and taking a vehicle with a prior offense; grand theft; and resisting, delaying, or obstructing a peace officer. (Pen. Code, §§ 666.5, 487, subd. (a), 148, subd. (a)(1).) It also alleged that Akerson had a prior conviction for a serious and/or violent felony. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subd. (b).)

The People moved to consolidate the two cases. The motion was taken off calendar when Akerson entered a plea.

In case No. 23CF02550, Akerson pleaded no contest to one count of driving and taking a vehicle with a prior offense. He admitted that he had a prior strike conviction and a prior conviction for violating Vehicle Code section 10851. In case No. 23CF02557, Akerson pleaded no contest to one count of driving and taking a vehicle with a prior offense; he also admitted he had a prior strike conviction and a prior

2

conviction for violating Vehicle Code section 10851. Akerson stipulated to a sentence of 10 years in state prison, consisting of the upper term in case No. 23CF02550 doubled to eight years, plus a consecutive term of one-third the middle term in case No. 23CF02557. The trial court struck the remaining counts and enhancements.

At the sentencing hearing, Akerson told the trial court that he had not met with a private investigator and that his counsel had filed no motions on his behalf despite the fact that he had asked his attorney to file several. Akerson also alleged that there was confusion as to the prosecution's initial offer, which he believed to be seven years. When Akerson came to court, it was eight years, so he refused the offer. Akerson admitted that the People had a strong case but contrasted the stipulated sentence with his prior sentence of seven years eight months for shooting his father in the throat.

The trial court reminded Akerson that the sentencing hearing was taking place because he had pleaded no contest in exchange for the 10-year term. The court also stated that the record demonstrated that Akerson understood his plea. Akerson responded that he understood and confirmed he was not trying to withdraw his plea. Akerson's counsel noted for the record that he was appointed to replace prior counsel after Akerson had rejected the eight-year offer. Counsel further informed the court that Akerson, on advice of counsel, had accepted a 10-year agreement based on the evidence and counsel's conclusion that it was in his best interest.

Consistent with the parties' plea agreement, the trial court sentenced Akerson to the stipulated 10-year term. For each conviction, the trial court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $30 conviction assessment fee (Gov. Code, § 70373), and a $40 court operations assessment fee (Pen. Code, § 1465.8). The court imposed and stayed a $300 parole revocation fine (Pen. Code, § 1202.45) and reserved jurisdiction to set victim restitution.

3

Akerson filed a timely notice of appeal in case No. 23CF02550. The trial court denied his request for a certificate of probable cause. On Akerson's motion, we construed his notice of appeal to include case No. 23CF02557.

DISCUSSION

We appointed counsel to represent Akerson on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that we review the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Akerson was advised of his right to file a supplemental brief within 30 days of the filing of the opening brief. He filed a supplemental brief.

Akerson's supplemental brief asserts that his counsel provided constitutionally ineffective assistance by failing to conduct an adequate investigation, file or litigate effective pre-trial motions, properly advise on plea agreements, preserve issues for appeal, protect his rights when counsel attempted to withdraw without notice, and consolidate his cases. Akerson additionally asserts what appears to be a claim of prosecutorial misconduct, arguing, among other things, that the prosecutor denied a plea deal communicated to his attorney. Akerson's brief maintains that his plea was not made knowingly and voluntarily.

A criminal defendant who appeals following a no contest or guilty plea without a certificate of probable cause can only challenge the denial of a motion to suppress evidence made or renewed in the superior court (Pen. Code, § 1538.5, subd. (m)) or raise grounds arising after the entry of the plea that do not affect the validity of the plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 676-677; Cal. Rules of Court, rule 8.304(b).) Akerson's claims relate to events occurring before the entry of his plea and challenge the validity of his plea. These claims therefore cannot be raised without a certificate of probable cause. (Pen. Code, § 1237.5; *People v. Richardson* (2007) 156 Cal.App.4th 574, 596 [pre-plea ineffective assistance of counsel claim cannot be raised without certificate of probable cause]; *People v. Cole* (2001) 88 Cal.App.4th 850, 867 [claim that

4

expressly attacks validity of plea requires certificate of probable cause].) Because his application for a certificate of probable cause was denied, Akerson's challenge to his plea is not reviewable on appeal.

Aside from the issues raised in Akerson's supplemental brief, we have independently examined the record. We find no arguable error that would result in a disposition more favorable to him.

DISPOSITION

The appeal is dismissed as to the issues raised in Akerson's supplemental brief. In all other respects, the judgment is affirmed.

                              /s/_____
                              FEINBERG, J.

We concur:

/s/_____
DUARTE, Acting P. J.

/s/_____
BOULWARE EURIE, J.