Filed 10/6/25  P. v. Bonilla CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GERALDINA BONILLA,<br><br>        Defendant and Appellant. | B336631<br><br>(Los Angeles County<br>Super. Ct. No. NA114218) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Geraldina Bonilla pled no contest to a felony charge of kidnapping (Pen. Code, § 207, subd. (a)[1]); she stipulated to specific facts about the crime and admitted to an aggravating circumstance.  The court trial sentenced Bonilla to three years' formal probation.  Bonilla sought a certificate of probable cause, which the trial court denied.

On appeal, Bonilla's appointed counsel filed a brief asking this court to independently review the record for error.  (See *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).)  Bonilla also filed a supplemental brief.  We have considered Bonilla's arguments and conducted an independent examination of the entire record.  We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The People's theory of the case, according to the prosecution's motion to consolidate Bonilla's case with that of her son, Michael Allen Soto, was as follows: "Defendant Soto and Victim [R.G.[2]] were in a dating relationship.  On July 14, 2021, Defendant Soto went to the sober living house where Victim was living and forced her out of the house and into his car.  Defendant Soto drove around in his car, punching her.  Defendant Soto crashed his vehicle into a pole, strangled the Victim, threatening to chop off her head.  Defendant Soto held a running motorized saw against her neck, causing abrasions. Defendant Soto threatened to pull out her teeth with wire cutters.  Victim pleaded with Defendant Soto not to hurt her and eventually Defendant Soto stopped and directed Victim to call his mother,

---

[1]     All undesignated section references are to the Penal Code.
[2]     We refer to the victim by initials to protect her privacy. (See Cal. Rules of Court, rule 8.90(b)(4).)

Defendant Bonilla. Defendant Bonilla arrived, provided Defendant Soto with a new tire and battery, and facilitated Defendant Soto with renting a hotel room in order to keep Victim hidden until her injuries healed. At the direction of Defendant Soto, Victim also agreed to have her clothes picked up at the sober living house. Defendant Soto kept Victim in a hotel room until she escaped on July 16, 2021. Victim suffered a shattered orbital socket requiring surgery, with the insertion of screws and mesh, as well as a broken nose." Soto was out of custody on bail at the time of these offenses. The trial court granted the motion to consolidate the cases.

The second amended information filed May 31, 2022, charged Bonilla and Soto with kidnapping (§ 207, subd. (a), count 8); and false imprisonment by violence (§ 236, count 9). The information charged Soto with premeditated attempted murder (§§ 187, 664, subd. (a), count 5); injuring a spouse or partner after a specified prior (§ 273.5, subd. (a), count 6); and criminal threats (§ 422, subd. (a), count 7). The information further charged Bonilla as an accessory after the fact (§ 32, count 10), alleging that Bonilla attempted to aid Soto in avoiding or escaping arrest with respect to the attempted murder. The information further alleged that counts 5, 6, 8 and 9 involved great violence, great bodily harm, threat of great bodily harm, and other acts disclosing a high degree of cruelty, viciousness, and callousness. (Cal. Rules of Court, rule 4.421(a)(1).)[3] Bonilla pled not guilty.

On February 20, 2024, the day Bonilla and Soto's jury trial was set to begin, the defense announced a plea agreement for Bonilla. The court noted the plea deal was that Bonilla would

---

[3] Counts 1 to 4 in the second amended information were against Soto for crimes against a different victim.

plead no contest to count 8, kidnapping, and would admit to certain facts and admit an aggravating factor, which the court told Bonilla "ensures that, later on, you don't get up on the stand for Mr. Soto and say those things are not true." Bonilla agreed to the terms of the plea agreement. Bonilla was advised of her rights and expressed her understanding.

The prosecutor asked Bonilla, "Do you agree to the following: That on July 14th, 2021, that you met your son, Michael Soto, in Los Angeles, at his disabled vehicle. [R.G.] was with Mr. Soto and you observed her facial injuries. You proceeded to assist Mr. Soto by picking up a new car battery and providing money for a new tire so Mr. Soto could drive away with [R.G.] a substantial distance to the Nisei Motel . . . . [¶] You assisted Mr. Soto in obtaining a hotel room and by paying for the hotel room at Nisei Motel in order to hide [R.G.] against her will until her injuries healed. [¶] Do you agree with that, ma'am?" Bonilla answered, "Yes."

Bonilla then pled no contest to count 8, kidnapping, a violation of section 207, subdivision (a). The prosecutor asked, "And do you admit to the aggravating factor under Rules of Court 4.421, subsection (a), subsection (1), that the crime involved great bodily injury, harm, cruelty, or callousness?" Bonilla answered, "Yes."

At the sentencing hearing on March 6, 2024, two weeks later, Bonilla, now represented by new counsel, said she wanted to withdraw her plea. The court asked counsel for the reason, noting, "[W]e just did the trial of her son, who was jointly tried in this matter. [¶] He was convicted of all of the charges, including the kidnapping charge to which she pled, and she was also charged as an accessory after the fact." Defense counsel said that

4

Bonilla said the offer "changed," that "she had no idea as to the facts leading to the charges of her son and herself," and "she was rushed to enter the plea."  The court denied Bonilla's request.

The court sentenced Bonilla to three years' formal probation, and dismissed the remaining counts.  Bonilla timely filed a notice of appeal.  She sought a certificate of probable cause, which the trial court denied.

## DISCUSSION

On appeal, Bonilla's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d 436, 441.)  We directed counsel to send the record and a copy of the brief to Bonilla, and notified Bonilla of her right to respond within 30 days.

Bonilla filed a supplemental brief asserting the following issues: (A) "Whether the lack of probable cause at the preliminary hearing violated Appellant's Fourth Amendment rights"; (B) "Whether trial counsel's failure to challenge the bind-over constituted ineffective assistance of counsel"; (C) "Whether improper consolidation and venue change deprived Appellant of due process"; (D) "Whether failure to present exculpatory evidence denied Appellant a fair trial"; (E) "Whether the trial court abused its discretion in denying the motion to withdraw the plea"; and (F) "Whether judicial and prosecutorial misconduct violated Appellant's right to due process."  She asks that this court vacate her plea and remand the matter to the trial court.

A defendant may not appeal from a judgment of conviction upon a plea of guilty or no contest unless the defendant seeks and obtains a certificate of probable cause.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(1).)  If "the superior court denies a certificate of probable cause, the appeal will be limited to issues that do not

5

require a certificate of probable cause." (*Id.*, rule 8.304(b)(3).) Issues that do not require a certificate of probable cause are "(A) The denial of a motion to suppress evidence under Penal Code section 1538.5; (B) The sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission; or (C) An appealable order for which, by law, no certificate of probable cause is required." (Cal. Rules of Court, rule 8.304(b)(2).) "The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas." (*People v. Panizzon* (1996) 13 Cal.4th 68, 75.)

Bonilla did not obtain a certificate of probable cause, and none of the contentions in her supplemental brief involves non-certificate issues. Rather, most of Bonilla's arguments challenge the validity of her plea by challenging pre-plea processes and the sufficiency of the evidence. Bonilla contends there was insufficient evidence presented at the preliminary hearing, and that the "magistrate relied on guesswork rather than competent evidence." She argues that her counsel's "verbal abuse . . . in open court" constituted ineffective assistance of counsel and "caused Appellant to enter a plea under duress and misinformation," and that the trial court "allowed counsel's abusive conduct in open court."[4] She also asserts that the "exculpatory evidence" of "Appellant's mental health records demonstrating duress were withheld from the record." She further contends that the court's denial of her request to change

---

[4]     Bonilla does not include any record citations. We note that our independent review of the record reveals nothing suggesting "verbal abuse" by counsel or anyone else.

6

venue prejudiced her and impaired her defense. In addition, Bonilla asserts that the court's denial of her request to withdraw her plea constituted an abuse of discretion.

However, without a certificate of probable cause Bonilla may not challenge the validity of her plea on either procedural or evidentiary grounds. "'[I]t has long been established that issues going to the validity of a plea require' a certificate of probable cause." (*People v. Stamps* (2020) 9 Cal.5th 685, 694.) A no contest plea admits every element of the charged crime (*People v. Miller* (2022) 78 Cal.App.5th 1051, 1058), and Bonilla admitted specific facts of her crime. A guilty or no contest plea "concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility." (*People v. Turner* (1985) 171 Cal.App.3d 116, 125; see also *People v. Miller* (2025) 112 Cal.App.5th 508, 514 fn. 4; § 1016, subd. (3) ["The legal effect of [a no contest] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes"].) In addition, "[a] defendant must obtain a certificate of probable cause in order to appeal from the denial of a motion to withdraw a guilty plea." (*People v. Johnson* (2009) 47 Cal.4th 668, 679.)

Several of Bonilla's arguments include a claim of ineffective assistance of counsel. In an appeal from a no contest plea without a certificate of probable cause, a claim of ineffective assistance of counsel is cognizable "only if that claim relates to 'proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.'" (*People v. Richardson* (2007) 156 Cal.App.4th 574,

7

596.)  Bonilla's ineffective assistance arguments do not fall within these parameters.  Thus, Bonilla's supplemental brief does not include any contentions that are cognizable on appeal without a certificate of probable cause.

Bonilla's supplemental brief includes a motion to augment the record on appeal with exhibits that were not submitted to the trial court.  She asserts that the exhibits include "exculpatory statements" by the victim, evidence that Bonilla was receiving mental health treatment, and information about the length of time between her arrest and her first court appearance.  The motion is denied.  Bonilla has not demonstrated that any of the evidence is relevant to appealable issues.

Bonilla also filed a separate "motion to strike the no-merit brief or request for independent judicial review."  We deny Bonilla's request to strike the brief her counsel filed.  The remainder of her motion is moot, as this court's role here is to independently review the record for error.  (See *Wende, supra*, 25 Cal.3d at p. 441 [the appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous"].)

We have examined the entire record and are satisfied no arguable issues exist in this appeal.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

MORI, J.

TAMZARIAN, J.