Filed 12/8/25  P. v. Holmes CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL RAY HOLMES, SR.,<br><br>    Defendant and Appellant. | A173227<br><br>(Mendocino County<br>Super. Ct. No. 22CR02463,<br>24CR06320) |

Daniel Ray Holmes, Sr. appeals from a judgment rendered upon a negotiated disposition of two cases in Mendocino County Superior Court. Holmes's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting that we independently review the record.  Counsel has advised Holmes of his right to submit a supplemental brief, and Holmes has not done so.  Our independent review of the record has disclosed no appellate issues that warrant further briefing.

## I. BACKGROUND

In September 2022, the Mendocino County District Attorney's office filed a complaint in case number 22CR02463 charging Holmes with two counts:  felony possession for sale of a controlled substance (Health & Saf.

1

Code, § 11351) and misdemeanor possession of cannabis or concentrated cannabis for sale (Health & Saf. Code, § 11359, subd. (b)).

At the preliminary hearing that followed, evidence was presented that on September 2, 2022, a Mendocino County Sheriff's Deputy conducted an authorized probation search of Holmes at an area hotel room where Holmes appeared to be residing. The deputy testified that he found what was later determined to be 51 grams of fentanyl in powder form in Holmes's pants pocket, which, the deputy testified, based on his training and experience, constituted 25,500 doses of the drug. The deputy also found that Holmes possessed cash of about $4,000, later determined to be $4,411. The deputy also testified that, based on his training and experience, Holmes's possession of the fentanyl was consistent with a person being in possession of it for purposes of sales. No evidence was presented regarding any cannabis. At the conclusion of the hearing, the court ordered that Holmes would answer to the first count of the complaint, and the court discharged him as to the second count.

In May 2023, the District Attorney's office filed an information charging Holmes with one count of felony possession for sale of a controlled substance (Health & Saf. Code, § 11351). Subsequently, as part of a negotiated disposition of his case, Holmes entered a plea of no contest to that count and an added misdemeanor count for possession of a controlled substance (Health and Saf. Code, § 11377). He stipulated to the preliminary hearing transcript as a factual basis for his pleas. The court found him guilty of the charges and scheduled a sentencing hearing. Holmes, who was not being held in custody, was ordered to appear.

In December 2024, the District Attorney's office filed a felony complaint in case number 24CR06320 charging Holmes with felony failure to appear in

2

court while out on bail (Pen. Code, § 1320.5).  In February 2025, Holmes entered a plea of no contest to this charge pursuant to another negotiated disposition, this time for both cases.  The parties stipulated to a factual basis for his no contest plea and the court found him guilty.

The court sentenced Holmes in case numbers 22CR02463 and 24CR06320 at the same time.  It imposed a total term of two years and eight months, and awarded him 104 days in custody credits and credits pursuant to Penal Code section 4019.  In case number 22CR02463, the court imposed the lower term of two years for Holmes's violation of Health and Safety Code section 11351 and a concurrent one year term for the misdemeanor violation of Health and Safety Code section 11377.  In case number 24CR06320, the court imposed a consecutive sentence of one-third the midterm, eight months, for Holmes's violation of Penal Code section 1320.5.  It also imposed various fines and fees.

Holmes, through his counsel, filed a timely notice of appeal for both cases.  The notice indicates his appeal is for a basis other than his sentence, the denial of a motion to suppress, or the validity of a plea or admission. Directed on the notice of appeal form to complete the accompanying request for a certificate of probable cause, Holmes's attorney wrote, "I was informed by Mr. Holmes, he feel [*sic*] his prior counsel . . . should have filed a motion to suppress in the HS 11351 case (22CR02463) and he has instructed me to file a notice of appeal in his two cases (22CR02463 & 24CR06320).  Mr. Holmes feels if the 1538.5 was filed and granted in the original case (22CR02463), everything would be dismissed."  The trial court denied Holmes's request for a certificate of probable cause.

3

## II. DISCUSSION

We have independently reviewed the record under *Wende* and conclude there are no issues that warrant further briefing.

Holmes's stated basis for instructing his counsel to file a notice of appeal is, essentially, that he received ineffective assistance of counsel for his prior counsel's failure to bring a suppression motion. This requires a certificate of probable cause. "Under [Penal Code] section 1237.5, an appeal from a conviction predicated on a guilty plea requires a certificate of probable cause. 'Notwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' " (*People v. Richardson* (2007) 156 Cal.App.4th 574, 596 [certificate of probable cause needed for appeal based on a claim of ineffective assistance of counsel regarding a motion to suppress], quoting *People v. Panizzon* (1996) 13 Cal.4th 68, 74.) Holmes's appeal is plainly not from those types of issues.

## III. DISPOSITION

In light of Holmes's failure to comply with Penal Code section 1237.5, we dismiss his appeal. (*People v. Panizzon*, *supra*, 13 Cal.4th at pp. 89–90.)

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

4