Filed 1/20/26  P. v. Bennett CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　　v.<br><br>JADE BLAINE BENNETT,<br><br>　　　Defendant and Appellant. | A173401<br><br>(Mendocino County<br>Super. Ct. No. 24CR04428) |

Jade Blaine Bennett appeals from a judgment of conviction entered in Mendocino County Superior Court.  Bennett's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting we independently review the record.  Counsel has advised Bennett of his right to submit a supplemental brief, and he has not done so.  Our independent review of the record has disclosed no appellate issues that warrant further briefing.

## I. BACKGROUND

In May 2024, Bennett, while being booked at a jail, was found to possess 3.67 grams of methamphetamine.  This led to charges being filed against him.  In June 2024, the Mendocino County District Attorney filed an information charging him with knowingly bringing a controlled substance

into jail in violation of Penal Code[1] section 4573, subdivision (a), a felony. The information also alleged he had two prior strikes, one for assault with a deadly weapon (§ 245, subd. (a)(1)) in September of 2021 and another for attempted battery with serious bodily injury (§§ 664, 243, subd. (d)) in February of 2020.

In August 2024, the prosecution and Bennett agreed to a negotiated disposition of his case. Pursuant to this agreement, and as approved by the court, he admitted to violating parole in case number 24CR04427 and was returned to parole for two more years. In the present case, he pleaded no contest to the felony count and admitted one of the prior strike allegations. Bennett waived time for sentencing, and the court deferred sentencing so that he could attempt to successfully complete a 90-day or longer drug education treatment program and successfully participate in drug court or behavioral health court, for eighteen months, including by submitting to regular drug testing. If he successfully completed the programs, the prosecution would dismiss the prior strike allegation to which Bennett pleaded no contest and the court would place him on probation for a period of two years. If Bennett did not successfully complete the programs, the court would sentence him to six years in state prison. The court also would order Bennett to pay various fines and fees.

Subsequently, a team that included people from both the drug court and the behavioral health court assessed Bennett, who also had mental health issues, and concluded he would be best served by attending behavioral health court. The court ordered him released to participate in a residential treatment program and then the behavioral health court.

---

[1] Undesignated statutory references are to the Penal Code.

2

Bennett successfully completed a 90-day residential treatment program, then began participating in behavioral health court. He agreed to the conditions of his participation, including that he submit to random drug tests as required by his treatment plan and abstain from consuming controlled substances absent a prescription.

In March 2025, Bennett tested positive for methamphetamine. The behavioral health court ordered him remanded into custody to serve a jail sanction. The prosecution subsequently reported to the trial court that Bennett had not successfully attended and completed behavioral health court.

The trial court proceeded to a sentencing hearing. The prosecution requested that it sentence Bennett to a four-year prison term rather than a six-year term in light of his mental health issues. Defense counsel requested the court return him to his "quasi" deferred judgment status and said Bennett wanted to participate again in behavioral health court. In the alternative, defense counsel requested a four-year sentence.

Bennett also addressed the court. He contended that he had done well in behavioral health court and while in local custody. While the court was explaining the basis for its sentence, Bennett interjected, telling the court "They just said I had one dirty piss test," an observation that was consistent with a statement in the probation report that he tested positive for methamphetamine use on March 13, 2025, and was jailed for it on March 27, 2025.

The court concluded that Bennett was not eligible for probation because of his prior record. The court told him, "I'm going send you to prison because of your lengthy criminal history." It sentenced him to four years in state prison, consisting of a low term of two years doubled because of his prior

3

strike.  It awarded Bennett certain custody and conduct credits and reduced fines and fees to zero amounts.

Days later, Bennett filed a handwritten notice of appeal, indicating he was appealing from this case number without specifically indicating from what he was appealing.

## II. DISCUSSION

To the extent Bennett is appealing from matters regarding the validity of his plea agreement, he was required to first obtain a certificate of probable cause from the trial court.  "Under section 1237.5, an appeal from a conviction predicated on a guilty plea requires a certificate of probable cause. 'Notwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate:  (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' " (*People v. Richardson* (2007) 156 Cal.App.4th 574, 596, quoting *People v. Panizzon* (1996) 13 Cal.4th 68, 74.)

Bennett has not obtained a certificate of probable cause.  We will dismiss his appeal to the extent any of his claims might be regarding the validity of the plea agreement.  As for those matters regarding his sentence or other matters occurring after his plea, we have independently reviewed the record under *Wende* and conclude there are no issues that warrant further briefing.

To be sure, we do note that, at one point during the sentencing proceeding, after Bennett raised the issue of whether he had in fact been using methamphetamine while participating in drug court, he interjected a

4

second time and told the court his drug testing results "aren't even back yet," for the first time raising a question how it could be possible to make a determination that his drug testing was negative. There is nothing in the record to indicate that Bennett objected to his flash incarceration in March 2025; claimed that there was insufficient evidence to jail him at that point; or sought writ relief seeking release on the ground that, in fact, his testing results were inconclusive or clean.

In any event, the prosecutor also reported to the court that Bennett did not successfully attend and complete behavioral health court, which was a condition of his "quasi" deferred judgment, to which Bennett raised no opposition. And to the extent Bennett's claim about what he reported were still outstanding drug testing results might be construed as a sufficiency of the evidence issue that is arguably embraced in this appeal because it arose after he entered his plea, we do not see it as an issue meriting briefing. Bennett's admission that he was advised "I had one dirty piss test" provides sufficient support for the court's decision to proceed to sentence him.

### III. DISPOSITION

This appeal is dismissed to the extent Bennett is appealing from matters regarding the validity of his plea agreement. As for any matters regarding sentencing or other matters occurring after his plea, the judgment is affirmed.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
MOORMAN, J.*

---

* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5