Filed 4/7/26  P. v. Ruiz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C103087 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF2200751, CRF2402662) |
| v. | |
| JOSE GUADALUPE RUIZ, JR., | |
| Defendant and Appellant. | |

Defendant Jose Guadalupe Ruiz, Jr., pled no contest to one count of making a criminal threat and admitted that his conviction violated the terms of his probation.  The trial court sentenced him to an aggregate term of three years four months.  On appeal, defendant claims:  (1) trial counsel rendered ineffective assistance by allowing him to plead no contest; and (2) the trial court abused its discretion when it denied a continuance of the sentencing hearing.

We are precluded from reviewing defendant's claim for ineffective assistance of counsel during the plea because the trial court denied a certificate of probable cause.  As to the second claim, we conclude that the trial court did not abuse its discretion in denying the motion to continue the sentencing hearing.  The judgment is affirmed.

1

I.

BACKGROUND

A detailed statement of the facts underlying defendant's conviction is unnecessary. Briefly, on the evening of October 3, 2024, after he had been drinking, defendant told his wife that "he was going to beat her ass and shoot her." A complaint was filed in case No. CRF24-02662 charging defendant with making a criminal threat. (Pen. Code,[1] § 422, subd. (a).) The complaint also alleged defendant had a prior strike conviction in 2023 for making criminal threats in case No. CRF22-751. (§§ 422, 667, subds. (b)-(i), 1170.12, subd. (b).) Defendant was also on probation for making a criminal threat (§ 422) and inflicting corporal punishment on a spouse (§ 273.5) in that prior case. The probation department filed a petition for an order to revoke defendant's probation and impose sentence on the underlying charges.

*Plea Hearing*

Defendant agreed to enter a plea of no contest to making a criminal threat and admit the violation of probation. He stipulated to an aggregate prison term of three years four months. Defendant also initialed and signed a plea form, which stated the terms of the agreement and included acknowledgments that he understood and waived certain constitutional rights, including his right to a jury trial, to confront and cross-examine witnesses, and to remain silent. In addition to confirming defendant's signature and initials on the plea form, the court orally advised defendant of his constitutional rights, obtained waivers of those rights, and advised defendant of the consequences of his no contest plea, including the stipulated sentence. Defendant agreed to the terms.

When the court recited the factual basis for the criminal threat offense, defendant stated he was not guilty, then stated he was pleading no contest. The court asked if

---

[1] Undesignated statutory references are to the Penal Code.

defendant understood that a no contest plea had the same effect as a guilty plea, and defendant indicated he did.  The court also confirmed defendant was entering a plea to take advantage of the offer before him.  Defense counsel joined in the plea.

As the trial court confirmed additional terms of the agreement with counsel, defendant interrupted, requesting another public defender because he did not feel he was "being represented right."  After further consulting with counsel, defendant apologized to the court for the disruption and continued with the plea process.  Defendant stipulated to the factual basis for the plea, and defense counsel agreed.  For the probation violation, defendant admitted that he failed to obey all laws.

The trial court found defendant's plea was knowing, intelligent, and voluntary.

*Sentencing Hearing*

The trial court scheduled a sentencing hearing for November 13, 2024.  After retaining new counsel, defendant requested a three-week continuance, which the court granted.  At the beginning of the December 4, 2024, sentencing hearing, without prior notice to the trial court or the People, defense counsel requested a second continuance, this time for five weeks to January 8, 2025, to "check[] into" defendant's veteran status. Defense counsel explained that as a veteran, defendant could "apply for veterans court in lieu of a jail or prison sentence."  The People objected based on the stipulated plea agreement.

The court denied the continuance, noting that defendant agreed to a stipulated sentence as part of the negotiated plea agreement and that "I'm not sure what you are going to do or be able to do to change anything . . . [e]ven if you're given more time."

Defense counsel then stated he was not prepared to proceed with sentencing because he had not had an opportunity to consult with defendant about the probation officer's report.  Counsel had been sick with the flu for a week after defendant retained him and was only recently "alerted" to the existence of the probation report.  He arranged for another attorney in his office to meet with defendant while he was out sick, but he did

not have the opportunity to meet personally with defendant about the probation officer's report before the hearing.

The court denied the continuance on that basis as well, noting that the probation officer's report was filed nearly a month earlier on November 7, 2024. Even if counsel had been sick for a week, the court did not understand why defense counsel could not have obtained a copy before December 4, 2024, pointing out that someone from counsel's firm could have accessed the report. "It seems to me this is an example of someone not being prepared." "I don't hear anything in any of that that . . . constitutes good cause to continue this hearing."

Defense counsel asked the court to reconsider, insisting he was not prepared to proceed. He only recently learned defendant was a veteran and wanted to investigate whether defendant could obtain a better sentence based on his veteran status. Counsel offered a Veteran Affairs ID card as proof of defendant's veteran status. Counsel stated: "I believe that the law allows him to submit information regarding his veteran's status. I think there is a code section for that." He has "certain rights as a veteran."

The court asked defense counsel for a code section that establishes defendant's veteran status would make a difference with a stipulated sentence. The court noted that counsel had "nothing." "What rights a veteran has at this point after the deal, after he's already agreed, stipulated. . . . [¶] . . . I'm mindful that there's veterans courts and that veterans have special rights and so forth." The court observed that defense counsel had not cited any authority that would allow the court to continue sentencing for that reason.

Defense counsel explained that a continuance would allow him to investigate these matters and advise defendant on whether to proceed. "[I]t seems like [defendant] is left in the cold, and he seems to not understand a lot of what was done in the plea." "[M]y intent wasn't to come in and blow up this plea." Defense counsel intended "to proceed with judgment and sentence if that's indicated" after defendant's veteran status was

4

explored. Following this discussion, the court concluded there was not sufficient cause to continue the sentencing.

Pursuant to the stipulated agreement, the court sentenced defendant to an aggregate term of three years four months. The court imposed various fees and fines. The court also issued a 10-year criminal protective order prohibiting defendant from contacting his spouse and ordering him to stay away from their home.

The trial court denied defendant's request for a certificate of probable cause. (§ 1237.5.) Defendant filed a timely notice of appeal.

## II.

## DISCUSSION

*Ineffective Assistance of Counsel*

Defendant claims appointed counsel rendered ineffective assistance of counsel when counsel failed to prevent defendant from pleading no contest to making a criminal threat, even though defendant stated he was factually innocent and wanted to be heard. A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence (§ 1538.5, subd. (m)), or raise claims arising after the entry of the plea that do not affect the validity of the plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 676-677; Cal. Rules of Court, rule 8.304(b)(2).)

Defendant's claim that counsel was ineffective relates to events that occurred before his plea and challenges the validity of the entry of his plea. Because the trial court denied defendant's request for a certificate of probable cause, we are precluded from addressing defendant's claim for ineffective assistance of counsel on appeal. (§ 1237.5; *People v. Richardson* (2007) 156 Cal.App.4th 574, 596-597.)

*Denial of Continuance*

Defendant also contends the trial court abused its discretion when it denied defense counsel's oral request for a second continuance so that counsel could consult

5

with defendant about the probation officer's report and investigate whether defendant qualified for a better sentence based on his veteran status. He claims this abuse of discretion violated his constitutional right to counsel and his right to due process.

We review a trial court's decision to deny a continuance for abuse of discretion. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 387.) The court may grant a continuance in a criminal proceeding only for good cause. (§ 1050, subd. (e).) Whether good cause to grant a continuance exists is left to a trial court's discretion. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037.) In exercising that discretion, the court must consider " ' "not only the benefit which the moving party anticipates but also the likelihood that such benefit will result, the burden on other witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion." ' " (*Ibid.*) It may not exercise its discretion "so as to deprive the defendant or his attorney of a *reasonable opportunity* to prepare." (*People v. Sakarias* (2000) 22 Cal.4th 596, 646, italics added.) On review, we consider the circumstances of the case and the reasons for the request to determine whether a trial court's denial of a continuance was so arbitrary as to deny due process. (*People v. Doolin* (2009) 45 Cal.4th 390, 450.) Absent a showing of an abuse of discretion and prejudice, we will not reverse the trial court's denial of a continuance. (*Ibid.*)

The trial court did not abuse its discretion by determining that defendant did not demonstrate good cause for a second continuance. (§ 1050, subd. (e).)[2] The trial court had already granted a three-week continuance to allow defendant's newly retained counsel to prepare for sentencing. Defense counsel claimed he needed a second

---

[2] Since we conclude there was no abuse of discretion, we do not address prejudice. In any event, the record does not support defendant's claim that the denial of a continuance prejudiced him because he would not have entered a plea had he been granted a continuance. Defendant entered his no contest plea on October 16, 2024, long before he requested a continuance.

continuance to consult with defendant about the probation officer's report and investigate whether defendant's veteran status qualified him for veteran alternative sentencing.

As to the probation report, counsel claimed he had only been made aware of the probation officer's report after the prosecutor told him at the sentencing hearing that one was available. The probation officer's report was filed on November 7, 2024, nearly a week before defense counsel was retained, and was available to counsel or anyone at counsel's firm three weeks before the sentencing hearing. Counsel provided no explanation for the failure to obtain a copy of a routine report that was available for three weeks and consult with defendant about it before the hearing. Even allowing for counsel being sick for one week, neither defendant nor counsel provided the trial court with an explanation why counsel, or someone from his office, could not have met with defendant to review the report with him during the other two weeks before the hearing. Given that the report was available to defense counsel or someone in his office for three weeks before the sentencing hearing, the denial of the second continuance did not deprive counsel of the reasonable opportunity to prepare for the sentencing hearing for a stipulated sentence. (*People v. Sakarias*, *supra*, 22 Cal.4th at p. 646.) We conclude there was no abuse of discretion. (§ 1050, subd. (e); *People v. Jenkins*, *supra*, 22 Cal.4th at p. 1037.)

Nor did the court abuse its discretion by rejecting counsel's claim that he needed additional time to investigate defendant's veteran status to determine whether defendant was eligible for an alternative sentencing scheme as a veteran. Defendant agreed to a stipulated sentence of three years four months as part of his plea agreement. " ' "Once the court has accepted the terms of a negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' " ' " (*People v. Stamps* (2020) 9 Cal.5th 685, 701.) Had counsel determined defendant was eligible for alternative sentencing, the court's only option would have been to reject the plea agreement as a whole. (*Ibid*.) None of the

7

parties indicated they wanted the trial court to do that, and defense counsel did not indicate he intended to make a motion to withdraw the plea.

Moreover, counsel did not provide the court with any authority indicating defendant's veteran status would have allowed the court to alter the stipulated sentence defendant agreed to as part of the agreement. Because defendant did not develop the issue in the trial court or on appeal, we have no record to determine that authority existed for the trial court to disregard the stipulated sentence, or to conclude the court abused its discretion in determining that defendant's veteran status was not good cause to continue the sentencing hearing. (See *People v. Peevy* (1998) 17 Cal.4th 1184, 1205.) The bottom line is defendant did not meet his burden to establish good cause for a continuance. There was no abuse of discretion. (*People v. Doolin*, *supra*, 45 Cal.4th at p. 450.)

*Appellate Proceedings*

Counsel's conduct during the appellate proceedings raises concerns regarding his lack of professionalism toward this court and opposing counsel. For context, we provide a summary of the appellate proceedings.

Defendant requested oral argument. Based on counsel's availability, we scheduled oral argument for January 21, 2026. Forty minutes before argument, counsel submitted a request to continue the argument, representing that he was "out sick unexpectedly." Since counsel did not notify opposing counsel in advance of the request for a continuance, opposing counsel appeared in person on January 21, 2026. Again, based on counsel's availability, we rescheduled argument for February 24, 2026. Counsel indicated he would appear remotely.

On February 24, 2026, when counsel had not checked in 15 minutes before argument as required, the clerk called him. During that call, counsel informed the clerk for the first time that "he changed his mind about oral argument" and would not be attending. Counsel provided no prior notice to the court or opposing counsel of this decision. Opposing counsel noted this was the second time he had to travel to court to

8

attend an oral argument scheduled on a date counsel selected only for counsel not to attend.

Upon admission to the California bar, a lawyer takes an oath to "faithfully . . . discharge the duties of any attorney at law to the best of [their] knowledge and ability." (Bus. & Prof. Code, § 6067.) Lawyers also have a duty to respect the courts and judicial officers as they pursue their client's interests. (Bus. & Prof. Code, § 6068.) As an officer of the court, an attorney, though also an agent for a litigant, should not "impede the orderly administration of justice." (*Floro v. Lawton* (1960) 187 Cal.App.2d 657, 673.)

While the information we have about counsel's conduct in these proceedings falls short of a clear violation of the Rules of Professional Conduct warranting a referral to the State Bar, we observe counsel's conduct is troubling.

III.

DISPOSITION

The judgment is affirmed.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
DUARTE, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9