Filed 4/14/26  P. v. Anderson CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B340954 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24PDCF00392) |
| v. | |
| KENNETH DEMONT ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupa S. Goswami, Judge.  Affirmed.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Kenneth Demont Anderson appeals from the judgment following his nolo contendere plea to assault with a deadly weapon. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), declaring the absence of any arguable issue, and defendant did not file a supplemental brief. We affirm the judgment.

## BACKGROUND

On July 19, 2024, in a felony complaint, the People alleged defendant committed one count of assault with a deadly weapon and alleged that defendant suffered one prior serious or violent conviction within the meaning of Penal Code sections 667, subdivision (d) and 1170.12, subdivision (b).[1] On July 19, 2024, defendant pleaded not guilty.

On July 31, 2024, the date scheduled for the preliminary hearing, defendant changed his plea to nolo contendere. Defendant's counsel stipulated there was a factual basis for defendant's plea based on her "independent investigation." In accordance with the plea agreement, the trial court sentenced defendant to two years.

Defendant filed his notice of appeal on September 23, 2024. His notice of appeal states that he is challenging "the sentence or other matters occurring after the plea that do not affect the validity of the plea." Defendant requested a certificate of probable cause on the ground that his counsel rendered ineffective assistance of counsel; the court denied defendant's request on October 10, 2024. Defendant did not petition for writ

---

[1] All statutory citations are to the Penal Code.

2

of mandate to challenge the trial court's denial of the certificate of probable cause.

Defendant apparently also sent the trial court a letter dated September 30, 2024 indicating he wanted to withdraw his plea and represent himself and claiming ineffective assistance of counsel.[2]

In a letter sent to defendant's last known address in prison, defendant's counsel informed defendant of his right to file a supplemental brief. That notice was returned and appellate counsel subsequently informed the court that it appeared defendant had been released from the prison location where counsel had sent her original notice. Accordingly, she sent a copy of her brief and the record to defendant's trial counsel at the public defender's office.[3] Defendant did not file a supplemental brief.

---

[2] The trial court's October 10, 2024 minute order reflects that on October 10, 2024, defendant filed "correspondence . . . for Motion to Vacate the Plea and Proceed Pro per." The minute order directed the court clerk to mail a copy of inter alia, the court's October 10, 2024 minute order to the public defender's office and the California Appellate Project. Our record contains defendant's correspondence to the court dated September 6, 2024, in which he asserts ineffective assistance of counsel and his desire to represent himself "in this current case matter." The court ordered the court clerk to send a copy of the letter to "a Supervising Public Defender" with an order that a copy be given to "the Public Defender's office to take action."

[3] On January 26, 2026, the clerk of this court sent notice to appellant at his prison location of his right to file a supplemental brief. There is no indication in our record that this notice was returned.

# DISCUSSION

Without a certificate of probable cause, we cannot consider defendant's claim of ineffective assistance of counsel, an issue affecting the validity of the plea. (§ 1237.5;[4] *In re Chavez* (2003) 30 Cal.4th 643, 651; *People v. Richardson* (2007) 156 Cal.App.4th 574, 596.) The trial court denied defendant's request for a certificate of probable cause. The issue of ineffective assistance of counsel also is not encompassed within defendant's notice of appeal, which concerns only "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

Because the record does not contain a certificate of probable cause, and defendant did not file a motion to suppress evidence under section 1538.5, our review is limited to "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission." (Cal. Rules of Court, rule 8.304(b)(2)(B).) We have examined the entire record and are satisfied that counsel has complied with counsel's responsibilities and that no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 110–111; *Wende, supra*, 25 Cal.3d at p. 441.)

---

[4] Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.